ATTORNEY GRIEVANCE COMMISSION OF
MARYLAND *v.* ROBERT
JOSEPH O'NEILL, III

[Misc. Docket (Subtitle BV) No. 14, September Term, 1978.]

*Decided April 25, 1979.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, ORTH, COLE and DAVIDSON, JJ.

*David G. Whitworth, Jr.,* for respondent.

*Lewis Straughn Nippard, Special Assistant Bar Counsel,* for petitioner.

SMITH, J., delivered the opinion of the Court. MURPHY, C. J., and ORTH and COLE, JJ., dissent and MURPHY, C. J., filed a dissenting opinion in which ORTH and COLE, JJ., concur at page 57 *infra*.

Bar Counsel on behalf of the Attorney Grievance Commission filed a petition for disciplinary action against Robert Joseph O'Neill, III (O'Neill). It alleged that he had violated Disciplinary Rule 1-102 (A), subsections (4), (5), and (6). Pursuant to the Maryland BV rules we referred the complaint to a judge of the Circuit Court for Baltimore County for hearing. He conducted an evidentiary hearing. He

then filed a memorandum opinion setting forth his findings of fact and conclusions of law. He determined that O'Neill had violated the disciplinary rules as charged. No exceptions were filed on behalf of O'Neill.

We set down for oral argument the question of the sanction to be imposed. At that time we heard from counsel for O'Neill and from Bar Counsel. Under our revised rules a trial judge no longer makes a recommendation as to a sanction.

We adopt, with minor editing, the memorandum opinion of the trial judge who heard the matter. He said in pertinent part:

> For the purpose of analyzing the facts, the Disciplinary Rule in question will be preliminarily stated: "DR 1-102 Misconduct.
>
> (A) A lawyer shall not: . . .
>> (4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
>> (5) Engage in conduct that is prejudicial to the administration of justice.
>> (6) Engage in any other conduct that adversely reflects on his fitness to practice law."
>
> See Maryland Rule 1230. Code of Professional Responsibility. Appendix F of the Maryland Rules.
>
> The facts constituting the alleged violation are clear and need not be belabored. In the Petitioner's case, Bar Counsel produced the Honorable Guy J. Cicone of the Circuit Court for Howard County; Stephen J. Smith, Esquire, then an Assistant State's Attorney for Howard County; and Mrs. Barbara McCullough, an agent of the Division of Parole and Probation assigned to Howard County. Each witness testified that on February 1, 1977, O'Neill made false statements to him or her while knowing such statements to be false. The subject of the false statements was whether O'Neill, while a probationer in a "Driving While Intoxicated" case in Howard

County, had paid certain court costs as ordered by Judge Cicone. The three witnesses testified that O'Neill had told them that the Probation Department's records were inaccurate because he had already paid the court costs.

Bar Counsel introduced the record of the proceedings made on February 1, 1977, before Judge Cicone in the Circuit Court for Howard County. The transcript contains admissions by O'Neill that he had earlier in the day lied to Judge Cicone, to Mr. Smith, and to Mrs. McCullough.

Testifying in his own behalf before this Court, O'Neill freely admitted that he had knowingly misrepresented to Judge Cicone and to Mr. Smith that he had paid the subject court costs, though the substance of his testimony was that he falsely stated that the payments must have been lost in the mail. O'Neill denied having lied to Mrs. McCullough; rather, he explained that he merely told her what he had earlier stated to Judge Cicone and to Mr. Smith.

In light of the testimony of the Petitioner's witnesses, the transcript of the proceedings before Judge Cicone, and O'Neill's admissions, this Court must find as a matter of fact that O'Neill knowingly made false statements to Judge Cicone, to Mr. Smith, and to Mrs. McCullough with the intention of obscuring the truth.

The second function of this Court is to determine whether, as a matter of law, the adjudicated facts constitute a breach of the above-cited DR 1-102 (A)(4), (A)(5) and (A)(6).

The very recent case of *Attorney Griev. Comm. v. Finnesey,* 283 Md. 541, 391 A. 2d 434 (1978), is most apposite to the issue before this Court. There, Mr. Finnesey was charged with violating DR 1-102(A)(4). The crux of that allegation was that Mr. Finnesey had represented to his client that at least three different dates had been set for a hearing on a required petition, but that the matter was postponed

by the Court on each occasion. In fact, Mr. Finnesey had never filed said required petition and no hearings were ever scheduled. Mr. Finnesey did not deny that he lied to his client on several occasions regarding the status of the litigation. Citing *Black's Law Dictionary,* Revised Fourth Edition, the *Finnesey* Court defined misrepresentation. "Any manifestation by words or other conduct by one person to another that, under the circumstances, amounts to an assertion not in accordance with the facts." The Court then characterized Mr. Finnesey's conduct: "He was dilatory in performing his duties and sought to cover up his neglect by assuring the client that everything possible had been done to perfect her claim." The Court concluded that ... "Mr. Finnesey's conduct in neglecting his duty to his client and then covering up his inattentiveness by deliberately lying to his client, in our view constitutes misrepresentation and a violation of DR 1-102 (A)(4)."

Applying the facts and conclusions of *Finnesey* to the case at bar, this Court believes that the conduct of O'Neill, substantiated by the Petitioner as well as admitted by O'Neill, constitutes misrepresentation within the scope of DR 1-102 (A)(4).

With regard to the alleged violations of DR 1-102 (A)(5) and (A)(6), this Court believes that those subsections are broader statements of proscribed conduct into which O'Neill's conduct must fall. DR 1-102 (A)(5) prohibits "conduct that is prejudicial to the administration of justice" and DR 1-102 (A)(6) prohibits "conduct that adversely reflects on his fitness to practice law." In light of the adjudicated fact that O'Neill knowingly misrepresented a material fact to Judge Cicone, to Mr. Smith and to Mrs. McCullough, it is plain to this Court that he violated DR 1-102 (A)(5) and (A)(6).

We note that O'Neill has never practiced law; the incident in question took place about eight months after his admission

to the Bar; it is apparent that he was financially embarrassed during the months immediately prior to this incident; that the three falsehoods occurred on the same day; on that day O'Neill ultimately admitted to Judge Cicone that he had lied to him and the other two individuals involved; and, immediately after a complaint was filed against him with the Attorney Grievance Commission, O'Neill wrote Bar Counsel a letter saying:

> Reading the transcript upon which the complaint is based, was like reliving a nightmare which will haunt me for the rest of my life. I have no defence to lying to Judge Cicone and Mr. Smith in the Judge's Chambers.
>
> Since that time, I have objectively searched my heart asking the questions, "Am I fit to be a Member of the Bar of the State of Maryland? Regardless of the outcome of this, Should I voluntarily resign my membership in the Bar in the best interest of the Bar?" After many weeks of soul searching, I came to the conclusion that I am both morally and intellectually fit to be a Member of the Bar.
>
> I honestly felt in Judge Cicone's Chambers that I was talking to an irate creditor, and I am afraid that I acted accordingly, making excuses rather than facing the gravity of the situation. I know that it was wrong to have lied to the Judge and the State's Attorney, no matter what the transaction was based upon.
>
> In open court I suffered the worst tongue lashing of my life. It made me thoroughly question my career and myself as an Attorney. Let me assure you, it made a lasting impression on me and has heightened my respect for my profession.
>
> I am not personally able to judge what, if any, disciplinary action should be taken in my case. I realize that that is for my fellow Members of the Bar to decide. I will follow whatever action the Grievance Commission decides to take. I only regret that it has come to this.

None of the above excuses O'Neill's conduct. It is relevant, however, in determining what is an adequate sanction to be imposed.

We differentiate the conduct here from that before the Court in *Attorney Griev. Comm'n v. Haupt*, 285 Md. 39, 399 A. 2d 1350 (1979). That case, too, involved a falsehood, but it was one by an attorney who was far removed from the status of a neophyte. Moreover, the falsehood in that instance could have jeopardized the entire security system at the facility where it took place.

We conclude that the proper sanction to be imposed here is that of a public reprimand. Such a reprimand is not to be taken lightly since it means that it will forever appear in a reported Maryland case that Robert Joseph O'Neill, III, was here found to have been a liar. Even in the changing times in which we live, such a finding is not to be taken lightly.

*It is so ordered; costs shall be paid by the respondent.*

*Murphy, C. J., dissenting:*

I cannot agree with the Court that a reprimand is the appropriate sanction for O'Neill's misconduct. Giving due consideration to his youth, inexperience and apparent financial problems, I think a ninety-day suspension from the practice of law is, at the least, plainly mandated to protect the public interest.

As a lawyer, O'Neill was an officer of the court on February 1, 1977, when, within the confines of the Howard County courthouse, he intentionally undertook to deceive Judge Cicone, Assistant State's Attorney Smith, and Mrs. Barbara McCullough, a probation agent, by telling each of them in turn that he had previously paid the court costs and thus had met the conditions of his probation. Only when he realized that he would be put under oath in open court did he reveal his deceitful conduct.

These background facts disclose the gravity of O'Neill's

misconduct: on June 15, 1976 — one day prior to his admission to the Bar of Maryland — O'Neill was found guilty in a de novo appeal in the Circuit Court for Howard County of driving a vehicle while intoxicated. The State's Attorney moved that the guilty verdict be stricken and O'Neill placed on probation on condition that he pay the court costs of $65.60 in installments of $15 monthly. The State's Attorney's motion undoubtedly took into account the fact that O'Neill was to become a member of the Maryland Bar on the following day. Judge Cicone granted the motion.

From June 15, 1976, until February 1, 1977, O'Neill failed to pay any of the court costs and thereby violated a condition of his probation. As a result, a warrant was issued for his arrest for violation of probation and a show cause order was issued. On the morning of February 1, 1977, O'Neill learned that a bench warrant had been issued for his arrest. He obtained a money order to cover the court costs and went to the courthouse to make payment. When he arrived, he told the probation agent that he had previously paid the costs and that the records of the probation department were inaccurate. He told the same falsehood to the Assistant State's Attorney who was in charge of his case and also to Judge Cicone, apparently in the Judge's Chambers. These misrepresentations were identical to earlier falsehoods concerning his payment of the court costs, which he had made to the probation department via the telephone.

We have said that there is no more important moral character trait in a lawyer than truthfulness and candor. *See Fellner v. Bar Ass'n,* 213 Md. 243, 131 A. 2d 729 (1957). In view of this, and considering all the circumstances, I would impose a ninety-day suspension rather than a reprimand.

Judges Orth and Cole have authorized me to state that they concur with the views expressed herein.