870 A.2d 586

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**Brenda C. BRISBON.**

**Misc. Docket AG No. 60, Sept. Term, 2003.**

Court of Appeals of Maryland.

March 17, 2005.

668

John C. Broderick, Asst. Bar Counsel (Melvin Hirshman, Bar Counsel for Atty. Grievance Com'n), for petitioner.

Argued before BELL, C.J., RAKER, WILNER, HARRELL, BATTAGLIA, GREENE and JOHN C. ELDRIDGE (retired, specially assigned), JJ.

BELL, C.J.

The Attorney Grievance Commission of Maryland (the "Commission"), through Bar Counsel and pursuant to Maryland Rule 16–751,[1] filed against Brenda C. Brisbon, the respondent, a Petition for Disciplinary Action, in which it was alleged that she violated Rules 1.3 (Diligence);[2] 1.4 (Communication);[3] 8.1 (Bar Admission and Disciplinary Matters)[4] and 8.4 (Misconduct),[5] of the Rules of Professional Conduct, Ap-

---

**1.** Maryland Rule 16–751, as relevant, provides:
"(a) *Commencement of disciplinary or remedial action.*
(1) *Upon approval of the Commission.* Upon approval or direction of the Commission, Bar Counsel shall file a Petition for Disciplinary or Remedial Action in the Court of Appeals."

**2.** Rule 1.3 requires "[a] lawyer [to] act with reasonable diligence and promptness in representing a client."

**3.** Rule 1.4 provides:
"(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
"(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

**4.** Rule 8.1 *Bar Admission and Disciplinary Matters*
"An applicant for admission or reinstatement to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
   *  *  *
(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.".

**5.** Rule 8.4 states:

pendix: Rules of Professional Conduct of the Maryland Rules, *see* Maryland Rule 16–812. We referred the matter, pursuant to Rule 16–752(a),[6] to the Honorable Bonita J. Dancy of the Circuit Court for Baltimore City, for hearing pursuant to Rule 16–757(c).[7] The respondent having failed to respond to the Petition, an order of default, pursuant to Maryland Rule 2–613(b),[8] was entered against her. Although notified, as required by Rule 2–613(c),[9] that the order of default had been

---

"It is professional misconduct for a lawyer to:

\*     \*     \*

"(d) engage in conduct that is prejudicial to the administration of ·justice."

6.  Rule 16–752(a) provides:

"(a) *Order.* Upon the filing of a Petition for Disciplinary or Remedial Action, the Court of Appeals may enter an order designating a judge of any circuit court to hear the action and the clerk responsible for maintaining the record. The order of designation shall require the judge, after consultation with Bar Counsel and the attorney, to enter a scheduling order defining the extent of discovery and setting dates for the completion of discovery, filing of motions, and hearing."

7.  Maryland Rule 16–757(c) provides:

"(c) *Findings and conclusions.* The judge shall prepare and file or dictate into the record a statement of the judge's findings of fact, including findings as to any evidence regarding remedial action, and conclusions of law. If dictated into the record, the statement shall be promptly transcribed. Unless the time is extended by the Court of Appeals, the written or transcribed statement shall be filed with the clerk responsible for the record no later than 45 days after the conclusion of the hearing. The clerk shall mail a copy of the statement to each party."

8.  Maryland Rule 2–613(b) provides:

"(b) *Order of Default.* If the time for pleading has expired and a defendant has failed to plead as provided by these rules, the court, on written request of the plaintiff, shall enter an order of default. The request shall state the last known address of the defendant."

9.  Maryland Rule 2–613 provides:

"(c) *Notice.* Promptly upon entry of an order of default, the clerk shall issue a notice informing the defendant that the order of default has been entered and that the defendant may move to vacate the order within 30 days after its entry. The notice shall be mailed to the defendant at the address stated in the request and to the defendant's attorney of record, if any. The court may provide for additional notice to the defendant."

entered and despite indicating that she likely would do so, the respondent failed to move to vacate the order, as required by Rule 2–613(d).[10] After the passage of more than 30 days, the hearing judge conducted a hearing, after which she issued a Memorandum of Findings of Fact and Conclusions of Law, making findings of fact and drawing conclusions of law, as follows:

"This court finds that the averments made in the Petition for Disciplinary action in this matter are deemed admitted and the following findings of fact are established by clear and convincing evidence supported by exhibits admitted and the uncontroverted testimony of the Complainant, Oretha Tenezee Bailey and her present attorney, Jaime W. Aparisi at the hearing.

### *"Background Facts*

"The Respondent, Brenda C. Brisbon was admitted to the Maryland Bar on December 20, 1997 and is presently decertified by Order of the Court of Appeals, dated August 25, 2003, for failure to comply with pro bono requirements pursuant to Md. Rule 16–903.

### "BC Docket No. 2003–235–4–6

### *The Complaint of Oretha Tenezee Bailey*

■ "The Respondent was retained by Oretha Tenezee Bailey for representation in connection with an application for asylum before the Immigration and Naturalization Service (INS). Respondent charged and collected a fee of approximately $ 1,000.

"The Respondent and Complainant attended an initial interview with an INS agent. Citing material inconsistencies between the applicant's testimony and the application and/or

---

**10.** Maryland Rule 2–613(d) provides:

"(d) *Motion by Defendant.* The defendant may move to vacate the order of default within 30 days after its entry. The motion shall state the reasons for the failure to plead and the legal and factual basis for the defense to the claim."

other evidence, that agent referred the matter to an immigration judge. Respondent appeared with Ms. Bailey at a hearing before an immigration judge on March 20, 2002. That judge directed Complainant and Respondent to administratively close the asylum application or refile it in proper form within sixty (60) days (by May 20, 2002).

"Complainant immediately asked Respondent to administratively close the asylum application. The Respondent failed to act on her client's behalf. Having failed to diary, [or] otherwise note the deadline date of May 20, 2002 on her calendar, Respondent took no action on behalf of her client. As direct result of Respondent's failure to act by the May 20, 2002 deadline, the immigration judge rendered a decision and order finding against the application for asylum and ordered Complainant's departure under voluntary terms until September 5, 2002 with an alternate order of removal to her country of origin, Liberia. That decision noted that the fact that the application was not re-filed or closed and no extension was requested compelled the judge to find against the application.

"Due to Respondent's failure to act on [her] behalf, if an appeal from the adverse ruling of the immigration judge is not overturned, Complainant is to be removed to Liberia where she was exposed to potential serious threats to her safety, personal liberty and health. Moreover, Complainant will not be able to reapply for asylum in the United States for a period of ten (10) years from the date of immigration court's order, that is August 6, 2002.

"Testimony from Complainant and her present attorney indicates the action of the Immigration Court resulting from Respondent's failure to re-file or close the pending application for asylum have not been overturned on appeal. The Complainant faces deportation after October, 2004 whenever her temporary protected status is revoked and not extended.

"The Respondent failed to competently prepare herself and her client for representation before the Immigration and Naturalization Service interview agent and immigration and judge on the hearing for asylum.

"Respondent failed to diligently pursue the legal matter for which she was retained for the benefit of her client, Oretha Tenezee Bailey, and failed to follow and pursue the instructions and directions of her client in the pursuit of that legal matter.

"The respondent failed to adequately explain and set forth the alternatives to her client or otherwise failed to respond to requests for information in connection with the representation of her client, Oretha Tenezee Bailey, specifically in connection with the client's instructions to administratively close the case on the application for asylum. When Complainant received no response to her inquiries regarding this matter, she believed Respondent had administratively closed the matter, when, in fact the Respondent failed to do anything.

"Upon notice of the allegations of the Complainant the Petitioner began a disciplinary investigation into the conduct of the Respondent and forwarded the complaint to the Respondent by letters dated November 7, 2002, December 4, 2002, January 7, 2003 and January 31, 2003. Although these requests for information were received by the Respondent she failed to respond to those requests for information by Petitioner.

"Due to the Respondent's failures to respond to requests for information in connection with a disciplinary investigation an investigator was assigned to conduct an investigation and interview the Respondent. At that interview the Respondent admitted to having received the previous requests for information sent by the Petitioner and admitted she failed to provide a timely response, or any response to those written requests. The Respondent failed to respond to a lawful demand for information from a disciplinary authority in connection with a disciplinary investigation.

"The court concludes based upon the findings established by clear and convincing evidence that the Respondent violated Maryland Rules of Professional Conduct 1.3, 1.4(a)(b) and 8.4(d)."

**674**

The petitioner filed *Petitioner's Exceptions and Recommendation For Sanction*, in which it takes exception to the hearing court's failure to find that the respondent violated Rule 8.1(b), as alleged. It argues that the findings of fact support such a violation, pointing out that the hearing court detailed the letters sent to the respondent, seeking a response to the complaint filed by the complainant, and reported that the respondent conceded both receiving the letters and failing to respond to them. From those findings, the petitioner submits, the conclusion that the respondent violated Rule 8.1(b) necessarily follows.

We review the findings of fact made by the hearing court to determine if they are based on clear and convincing evidence. *Attorney Griev. Comm'n v. Zdravkovich*, 381 Md. 680, 694, 852 A.2d 82, 90 (2004); *Attorney Griev. Comm'n v. McCoy*, 369 Md. 226, 234, 798 A.2d 1132, 1137 (2002); *Attorney Griev. Comm'n v. Powell*, 328 Md. 276, 287, 614 A.2d 102, 108 (1992); *Attorney Griev. Comm'n v. Clements*, 319 Md. 289, 298, 572 A.2d 174, 179 (1990). *See* Md. Rule 16–759(b).[11] Thus, and in fact, the "hearing court's findings of fact are prima facie correct and will not be disturbed unless they are shown to be clearly erroneous." *Attorney Griev. Comm'n v. Ashworth*, 381 Md. 561, 575, 851 A.2d 527, 535 (2004); *Attorney Griev. Comm'n v. Garland*, 345 Md. 383, 392, 692 A.2d 465, 469 (1997) (citing *Attorney Griev. Comm'n v. Goldsborough*, 330 Md. 342, 347, 624 A.2d 503, 505 (1993)). Exceptions will be overruled when the findings are not clearly erroneous. *McCoy*, 369 Md. at 234–235, 798 A.2d at 1137.

---

11. Maryland Rule 16–759(b), as relevant, states:

\* \* \* \* \* \*

"(2) *Findings of Fact.* (A) If no exceptions are filed. If no exceptions are filed, the Court may treat the findings of fact as established for the purpose of determining appropriate sanctions, if any.

"(B) If exceptions are filed. If exceptions are filed, the Court of Appeals shall determine whether the findings of fact have been proven by the requisite standard of proof set out in Rule 16–757(b). The Court may confine its review to the findings of fact challenged by the exceptions. The Court shall give due regard to the opportunity of the hearing judge to assess the credibility of witnesses."

The petitioner's exception with respect to the 8.1(b) violation is sustained. The petitioner is correct in that regard, the respondent has conceded the violation. There is ample evidence to support the other findings of fact made by the hearing court and, just as important, those factual findings justify the conclusions drawn from them.

■ With regard to sanction, the petitioner recommends that the respondent be indefinitely suspended from the practice of law. Revisiting the Rule violations charged and found, it submits:

"The serious consequences of Respondent's misconduct visited upon her client, compounded and aggravated by her failure to cooperate with the Petitioner militate[ ] the recommendation of an indefinite suspension of the Respondent from the practice of law."

■■ It is now so well settled as not to require citation of authority, that the purpose of attorney disciplinary proceedings is to protect the public and not to punish the erring attorney. We have also been clear, the public is protected when the Court imposes sanctions commensurate with the nature and gravity of the violations and the intent with which they were committed. *Attorney Griev. Comm'n v. Awuah,* 346 Md. 420, 435, 697 A.2d 446, 454 (1997). Thus, the facts and circumstances of a given case are critical in the decision whether to impose a sanction and, if so, what sanction. That decision, we have said, is informed and guided, however, by certain factors. *Attorney Griev. Comm'n v. Ashworth,* 381 Md. 561, 577, 851 A.2d 527, 536 (2004). In addition to nature, gravity and intent, we identified:

"the attorney's prior grievance history, including whether there have been prior disciplinary proceedings, the nature of the misconduct involved in those proceedings and the nature of any sanctions imposed, as well as any facts in mitigation ... whether the attorney is remorseful for the misconduct ... and the likelihood of the conduct being repeated.... With respect to the latter factor, the likelihood of recidivism, we have held that the voluntary termi-

nation of the charged misconduct, when accompanied by an appreciation of the impropriety of having engaged in it and remorse for having done so, may be evidence that the attorney will not again engage in such misconduct."

*Id.* at 577–78, 851 A.2d at 537 (citations omitted).

The respondent did not respond to the Petition for Disciplinary Action and she never appeared in these proceedings. The nature of respondent's conduct is egregious and has cost her client an opportunity to pursue U.S. citizenship and possibly jeopardized her safety. Furthermore, the respondent's choice not to appear prevents this court from examining whether she is indeed remorseful. She, consequently, has not presented anything by way of mitigation for the Court to consider. Maryland Rule 16–757(b) [12] places on the respondent the burden of establishing a matter of mitigation. There simply is nothing in this record that could, or would, mitigate the respondent's conduct. *See Attorney Griev. Comm'n v. Daskalopoulos,* 383 Md. 375, 384, 859 A.2d 653, 658 (2004).

Under the circumstances, we accept the petitioner's recommendation and order the respondent indefinitely suspended from the practice of law. See *Ashworth,* 381 Md. at 563, 851 A.2d at 527 (indefinite suspension, rather than disbarment, where, *inter alia,* respondent did not respond promptly to bar counsel's request for information and did not timely advise client of receipt of settlement check); *Attorney Griev. Comm'n v. Macdougall,* 384 Md. 271, 863 A.2d 312 (2004) (sanction for failing to keep estate representatives informed regarding estate and failing to respond to disciplinary inquiry, indefinite suspension with right to apply for readmission after sixty days).

---

12. Maryland Rule 16–757(b) provides:

"(b) *Burdens of Proof.* The petitioner has the burden of proving the averments of the petition by clear and convincing evidence. A respondent who asserts an affirmative defense or a matter of mitigation or extenuation has the burden of proving the defense or matter by a preponderance of the evidence."

*IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–715.C., FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST BRENDA C. BRISBON.*