956 A.2d 147

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

**Albert Russell SNYDER.**

**Misc. AG No. 13, Sept. Term, 2007.**

Court of Appeals of Maryland.

Sept. 9, 2008.

22

James P. Botluk, Asst. Bar Counsel (Melvin Hirshman, Bar Counsel, Atty. Grievance Com'n of Maryland), for petitioner.

Albert Russell Snyder, Salisbury, for respondent.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY, ALAN M. WILNER, (Retired, Specially Assigned), and DALE R. CATHELL, (Retired, Specially Assigned), JJ.

BATTAGLIA, J.

The Attorney Grievance Commission of Maryland ("Petitioner"), acting through Bar Counsel and pursuant to Maryland Rule 16–751(a),[1] filed a petition for disciplinary or remedial action against Respondent, Albert R. Snyder, on June 7, 2007. Bar Counsel alleged that Respondent violated Maryland Rules of Professional Conduct ("MRPC") 1.1, governing

---

1. Maryland Rule 16–751(a) provides:
 (a) **Commencement of Disciplinary or Remedial Action.** (1) *Upon Approval of [the Attorney Grievance] Commission.* Upon approval or direction of the [Attorney Grievance] Commission, Bar Counsel shall file a Petition for Disciplinary or Remedial Action in the Court of Appeals.

lawyer competence,[2] and MRPC 1.16, pertaining to declining and terminating representation.[3]

In accordance with Maryland Rules 16–752(a) and 16–757(c),[4] we referred the petition to Judge Kathleen L. Beckstead of the Circuit Court for Wicomico County for an evidentiary hearing and to make findings of fact and conclusions of law. Judge Beckstead held an evidentiary hearing on October 12, 2007, and on November 5, 2007, issued the following findings of fact and proposed conclusions of law, in which she found by clear and convincing evidence that Respondent had violated MRPC 1.1 and 1.16:

### Findings of Fact

Based on the testimony and exhibits produced at the hearing, the Court finds the following facts to be established by clear and convincing evidence:

2. MRPC 1.1 provides:
 A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

3. MRPC 1.16 states, in pertinent part:
 (d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

4. Maryland Rule 16–752(a) states:
 (a) **Order.** Upon the filing of a Petition for Disciplinary or Remedial Action, the Court of Appeals may enter an order designating a judge of any circuit court to hear the action and the clerk responsible for maintaining the record. The order of designation shall require the judge, after consultation with Bar Counsel and the attorney, to enter a scheduling order defining the extent of discovery and setting dates for the completion of discovery, filing of motions, and hearing.
 Maryland Rule 16–757(c) states in pertinent part:
 (c) **Findings and Conclusions.** The judge shall prepare and file or dictate into the record a statement of the judge's findings of fact, including findings as to any evidence regarding remedial action, and conclusions of law.

1. Mr. Snyder ... was admitted to the Bar to the Court of Appeals of Maryland on January 11, 1971.... Since 1996 he has engaged in the practice of immigration law from his home.

2. [O]n May 31, 2005, Mr. Snyder was retained by Gabriel Carmona, a Mexican citizen, to represent him in connection with removal proceedings instituted by the United States Department of Homeland Security. The Carmonas paid $2,180.00 in attorney's fees to Mr. Snyder. Mr. Snyder represented Mr. Carmona at a hearing in the United States Immigration Court on January 31, 2006, where he elected and was granted voluntary departure from the United States in lieu of removal. Mr. Snyder's theory of the case was to delay Mr. Carmona's departure from the United States for the longest legitimate time, gain voluntary departure, and then facilitate consular processing of an immigrant visa.

3. Mr. Snyder did not pursue cancellation of removal for Mr. Carmona. His records do not reflect that he inquired into or investigated this preferred form of relief with Mr. Carmona. His records and his personal recollection fail to explain any legitimate reason why this form of relief was not explored. Although Mr. Carmona was eligible to qualify for cancellation of removal, Mr. Snyder failed to advise Mr. Carmona that had he been ordered removed, he could have sought the relief of cancellation of removal if he could prove that he had resided in the United States for at least ten years and that his removal from the country would cause exceptional and extreme unusual hardship to his wife and children. Cancellation of removal would be the most favorable option to the client and pursuing cancellation of removal would not prejudice Mr. Carmona's right to pursue voluntary departure, if the former form of relief were denied. Mr. Snyder's failure to make adequate investigation into Mr. Carmona's eligibility for cancellation of removal and pursue this relief constitutes a deficiency in representation.

4. In February 2006, the Carmonas retained new counsel, Claudia Flowers, who advised them of Mr. Carmona's rights to pursue cancellation of removal. Ms. Flowers filed a petition to reopen Mr. Carmona's case, which was granted.

5. On February 26, 2006, Mr. Carmona wrote to Mr. Snyder requesting a refund of his attorney fees of $2,155.00. Mrs. Carmona sent Mr. Snyder an email on March 7, 2006, requesting a return of said funds. A second email was sent by the Carmonas on March 30, 2006.

6. On September 15, 2006, Mr. Snyder wrote to the Carmonas, proposing that he refund two-thirds of their fee. On October 13, 2006, Mrs. Carmona wrote Mr. Snyder accepting the offer. She wrote him again on November 15, 2006, to inquire why she had not received the refund. On August 14, 2007, approximately ten months after the Carmona's acceptance, and two months after this Petition was filed, Mr. Snyder sent a certified check to Mr. Carmona for $2,180.00 for the entire fee plus $163.50 for interest.

*Conclusions of Law*

This Court finds from the above facts that Respondent violated the following Rules of Professional Conduct:

1. *Rule 1.1 Competence*

Rule 1.1 provides that:

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

Respondent failed to provide competent representation to his client when he:

(1) failed to properly investigate Mr. Carmona's eligibility for cancellation of removal.

(2) failed to advise Mr. Carmona of his eligibility for cancellation of removal, which was the most favorable option.

(3) failed to pursue cancellation of removal.

Mitigating factors to the above include:

(1) Mr. Carmona may or may not be granted cancellation of removal because the hearing is still pending. If denied cancellation of removal, voluntary departure would be the client's next most favorable option.

(2) Mr. Carmona recovered quickly from Mr. Snyder's failures during his representation and Mr. Snyder assisted in every way to avoid prejudice to Mr. Carmona.

2. *Rule 1.16 Declining or Terminating Representation*

Rule 1.16(d) provides that:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

\* \* \*

Respondent failed to follow Rule 1.16(d) when he:

(1) acknowledged that the Carmonas were due a refund, yet only offered the Carmonas a refund of two-thirds of their fee in September 2006.

(2) failed to return the entire undisputed amount to Mr. Carmona until August 14, 2007. This amount should have been returned unconditionally within a reasonable time, certainly no later than the end of November, 2006.

Mitigating factors to the above include:

(1) Mr. Snyder admitted that a portion of the fee was due to Mr. Carmona.

(2) Mr. Snyder ultimately refunded all fees due to the Carmonas plus additional interest.

## DISCUSSION

Neither Petitioner nor Respondent took exception to the hearing judge's findings of fact or conclusions of law. There-

fore, we elect to "treat the findings of fact as established for the purpose of determining appropriate sanctions, if any." Maryland Rule 16-759(b)(2);[5] *See also Attorney Grievance Comm'n v. Nichols,* 405 Md. 207, 216, 950 A.2d 778, 784 (2008); *Attorney Grievance Commission v. Elmendorf,* 404 Md. 353, 360, 946 A.2d 542, 546 (2008); *Attorney Grievance Commission v. Logan,* 390 Md. 313, 319, 888 A.2d 359, 363 (2005). We also accept the conclusions of law if they are supported by the factual findings. *See Attorney Grievance v. Mba–Jonas,* 402 Md. 334, 344, 936 A.2d 839, 845 (2007).

 Judge Beckstead's findings of fact support her conclusion that Respondent violated Rule 1.16; she found that he failed to promptly return the fees the Carmonas paid him for adequate representation in the removal proceedings, although the Carmonas had requested a refund. Finding of fact number 3 also clearly supports a 1.1 violation:

3. Mr. Snyder did not pursue cancellation of removal for Mr. Carmona. His records do not reflect that he inquired into or investigated this preferred form of relief with Mr. Carmona. His records and his personal recollection fail to explain any legitimate reason why this form of relief was not explored. Although Mr. Carmona was eligible to qualify for cancellation of removal, Mr. Snyder failed to advise Mr. Carmona that had he been ordered removed, he could have sought the relief of cancellation of removal if he could prove that he had resided in the United States for at least ten years and that his removal from the country would cause exceptional and extreme unusual hardship to his wife and children. Cancellation of removal would be the most favorable option to the client and pursuing cancellation of removal would not prejudice Mr. Carmona's right to pursue voluntary departure, if the former form of relief were

---

5. Maryland Rule 16-759(b)(2) provides, in pertinent part:

(2) *Findings of Fact.*

(A) If No Exceptions Are Filed. If no exceptions are filed, the Court may treat the findings of fact as established for the purpose of determining appropriate sanctions, if any.

denied. Mr. Snyder's failure to make adequate investigation into Mr. Carmona's eligibility for cancellation of removal and pursue this relief constitutes a deficiency in representation.

We note that had Respondent interposed an exception to the hearing judge's conclusion that he violated Rule 1.1, we may have had to consider, as we did in *Attorney Grievance v. Pennington*, 387 Md. 565, 594, 876 A.2d 642, 659 (2005), whether a single mistake "constitutes sanctionable conduct under Rule 1.1" or is merely an "oversight or negligence." In *Pennington*, 387 Md. at 594, 876 A.2d at 659, we granted Respondent's exception to the hearing judge's conclusion that she violated Rule 1.1, because, although she had properly filed a complaint initiating suit, she had not discovered a filing error in time to avoid the running of the statute of limitations. We concluded that Pennington did not act incompetently, however, and iterated that "[w]hile a better office system would have detected the problem, we do not think that such oversight or negligence constitutes sanctionable conduct under Rule 1.1." *Id. See also Attorney Grievance v. Thompson*, 376 Md. 500, 512, 830 A.2d 474, 481 (2003) (addressing, based on an exception taken by Bar Counsel, the issue of whether an attorney's conduct was violative of Rule 1.1 and stating that "a single mistake does not necessarily result in a violation of Rule 1.1 and may constitute negligence but not misconduct under the rule"); *Attorney Grievance Comm'n v. Brown*, 308 Md. 219, 231–32, 517 A.2d 1111, 1117 (1986) ("Nor do we quarrel with the proposition that a single error, considered in isolation, may not necessarily demonstrate that a lawyer is incompetent."). In the instant case, however, in which no exception was filed, we will not consider whether Respondent's conduct was an oversight, but will now turn to the sanction to be imposed.

## *SANCTION*

Bar Counsel, in addressing sanction, has acknowledged that Respondent's conduct in failing to refund the fees was not as egregious as the conduct in *Attorney Grievance Comm'n v.*

*Tinsky,* 377 Md. 646, 835 A.2d 542 (2003), *Attorney Grievance Comm'n v. Rose,* 391 Md. 101, 892 A.2d 469 (2006), or *Attorney Grievance Comm'n v. Harrington,* 367 Md. 36, 785 A.2d 1260 (2001), and recommends, based on the sanction we imposed in *Attorney Grievance Comm'n v. Rees,* 396 Md. 248, 913 A.2d 68 (2006), a thirty day suspension for the Rule 1.16 as well as the 1.1 violation. Respondent, during oral argument, suggested a *"Stolarz*-type resolution." [6] We decline to impose either sanction but instead, impose a public reprimand for the violations of 1.16 and 1.1.

We recognize the appropriate sanction for a violation of the Rules of Professional Conduct generally "depends on the facts and circumstances of each case, including consideration of any mitigating factors," *Zuckerman,* 386 Md. at 375, 872 A.2d at 713, in furtherance of the purposes of attorney discipline: " 'to protect the public, to deter other lawyers from engaging in violations of the Maryland Rules of Professional Conduct, and to maintain the integrity of the legal profession.' " *Id.,* quoting *Attorney Grievance Comm'n v. Awuah,* 374 Md. 505, 526, 823 A.2d 651, 663 (2003). In *Attorney Grievance v. Sheridan,* 357 Md. 1, 741 A.2d 1143 (1999), we said:

> Because "an attorney's character *must remain beyond reproach* " this Court has the duty, since attorneys are its officers, to insist upon the *maintenance* of the integrity of the bar and to prevent the transgressions of an individual lawyer from bringing its image into disrepute. Disciplinary proceedings have been established for this purpose, not for punishment, but rather as a catharsis for the profession and a prophylactic for the public.

*Id.* at 27, 741 A.2d. at 1157, quoting *Attorney Grievance Comm'n v. Deutsch,* 294 Md. 353, 368–69, 450 A.2d 1265, 1273 (1982) (emphasis in original).

---

**6.** In *Attorney Grievance Comm'n v. Stolarz,* 379 Md. 387, 842 A.2d 42 (2004), we remanded the matter "to the Commission for it to propose dismissal of the case, but with a warning to Stolarz that the conduct found ... to have violated Rule 1.15(b) not be repeated."

When imposing sanctions, we have enunciated that, " '[t]he public is protected when sanctions are imposed that are commensurate with the nature and gravity of the violations and the intent with which they were committed.' " *Attorney Grievance v. Gore*, 380 Md. 455, 472, 845 A.2d 1204, 1213 (2004). As in every case, we consider the nature of the ethical duties violated in light of any aggravating or mitigating circumstances. *Attorney Grievance v. Sweitzer*, 395 Md. 586, 598–99, 911 A.2d 440, 447–48 (2006). We also look to our past cases involving attorney discipline when imposing sanctions. *Thompson*, 376 Md. at 520, 830 A.2d at 486.

As we have noted, Bar Counsel has recommended that we impose the same sanction as that imposed in *Rees*, 396 Md. at 248, 913 A.2d at 68, wherein we concluded that a thirty day suspension was appropriate when a lawyer failed to refund certain unearned fees to her client and violated Rules 1.15(a) and (b) as well as Rule 8.1 and Section 10–306 of the Business Occupations and Professions Article, Maryland Code (2004 Repl.Vol., 2006 Cum.Supp.). Respondent's conduct at issue in the present case, however, is distinguishable from *Rees*, because Respondent did recognize the error of his ways and returned the Carmonas' entire fee plus interest while Rees claimed that "she had earned all of the fees billed, and more," and reflected little acknowledgment of her wrongdoing. *Id.* at 253 n. 11, 913 A.2d at 71 n. 11. Moreover, Rees also violated Rules 1.5, safekeeping property, and 8.1, failing to respond to Bar Counsel's request for information in a timely manner, which, when considered along with the 1.16 violation, amounted to conduct that was "quite serious."

Respondent has requested a disposition similar to that provided in *Stolarz*, 379 Md. 387, 406, 842 A.2d 42, 53 (2004), in which we concluded that the appropriate disposition of the case was a remand "to the Commission for it to propose dismissal of the case, but with a warning to Stolarz that the conduct found here to have violated Rule 1.15(b) not be repeated"; Stolarz had failed to notify a bank, which was a third-party assignee/creditor of his client, of the receipt of settlement funds in which the bank had an interest and failed

to timely pay the bank's assignment. Because we determined that Stolarz's act was "simply negligent," we took the unusual step of dismissal with a Commission warning.

Stolarz took exception to various of the findings of fact and conclusions of law and asked for a dismissal. Respondent has not interposed any exceptions. In addition, Stolarz paid the bank with his own funds after his client refused to repay the bank. In the present case, the Respondent had to be prompted more than once to refund the fees over a period of one and a half years.

■ We embrace the imposition of a public reprimand in the present case for the violation of Rules 1.16 and 1.1 similar to that which we imposed in *Attorney Grievance Comm'n v. Brown*, 308 Md. 219, 236, 517 A.2d 1111, 1119 (1986). In *Brown*, 308 Md. at 232, 517 A.2d at 1117, various "shortcomings" in the handling of a single estate, when considered together, led us to conclude that Brown was incompetent, in violation of former DR 6–101 [7] based upon the following:

[1] his failure to segregate assets due Mr. Hahn and the trust under Mrs. Hahn's will; [2] his failure to discuss with the substitute trustee under Mrs. Hahn's will his duties as such; [3] his omissions and errors in the preparation of Mrs. Hahn's First and Final Account; [4] his detention of the trust assets over an extended period of time; [5] his failure to execute and record an appropriate deed to the legatees of Mrs. Hahn's farm; [6] his failure to see to the prompt termination of Mr. Hahn's guardianship following his death; and [7] his numerous erroneous inclusions and entries on Walter Hahn's estate tax return.

*Id.* at 229, 517 A.2d at 1115–16.[8] We "warned [Brown] to use care in undertaking representation in areas in which his competence is doubtful" and concluded that a reprimand was

---

7. Rule 1.1 replaced DR 6–101.

8. We also concluded that Brown engaged in conduct that adversely reflected on fitness to practice law in violation of former DR 1–102(A)(6) and former DR 1–102(A)(1).

the appropriate sanction for Brown's incompetence considering his "experience and integrity" as well as the absence of any intentional wrongdoing. *Id.* at 236, 830 A.2d at 1119.

Mindful of our discussion in *Brown*, and because Respondent has had no prior disciplinary history in his over 37 years as a member of the Maryland Bar and was genuinely remorseful, we conclude that a public reprimand is the appropriate sanction. We shall so order.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–761, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION.**

MURPHY, J. concurs and dissents.

Concurring and Dissenting Opinion by MURPHY, J.

I agree that a reprimand is the appropriate sanction for respondent's violation of Rule 1.16. I am persuaded, however, that dismissal is the appropriate disposition for the Rule 1.1 violation.

As to the appropriate sanction for the violation of Rule 1.16(d), the case at bar is clearly distinguishable from *Rees*, which involved a lawyer who (1) withdrew from her escrow account $2,140 in unearned fees, and (2) had not made a full refund of unearned fees as of the date on which this Court imposed a thirty day suspension. *Rees, supra,* 396 Md. at 251–53, 913 A.2d 68. Respondent (1) actually did the work he was paid to do, (2) proposed to return two-thirds of the fee after the Carmonas retained new counsel, and (3) prior to the circuit court hearing, he returned to Mr. Carmona the entire fee plus interest. Moreover (as noted by the majority, and expressly found by the circuit court), "[Respondent] assisted in every way to avoid prejudice to Mr. Carmona." A dismissal with a warning, however, is an inappropriate response to an unreasonable delay in the return of funds that a lawyer agrees to return.

As to the appropriate response to the Rule 1.1 violation, Md. Rule 16–759(b)(2) does not require that this Court impose a sanction merely because Respondent did not take exception to any of the hearing judge's findings of fact or conclusions of law. As was the situation in *Stolarz* and in *Attorney Grievance Com'n v. Saridakis*, 402 Md. 413, 936 A.2d 886 (2007), Respondent is a lawyer who had no prior disciplinary record. The mistake that Respondent made during his representation of Mr. Carmona did not prejudice any of Mr. Carmona's rights. The record shows that Mr. Carmona's present immigration counsel filed a "motion to reopen" so that Mr. Carmona could seek "cancellation of removal." That request was granted, making Mr. Carmona eligible to pursue the relief that should have been requested by Respondent.

The record also shows that Respondent's mistake "did not enure in any measure to [Respondent's] benefit." *Stolarz, supra,* 379 Md. at 405, 842 A.2d at 52. We are persuaded that Respondent's expression of remorse is sincere, and that it is most unlikely that his failure to provide competent representation will be repeated. Under these circumstances, for the reasons stated by this Court in *Pennington, supra, Thompson, supra,* and *Brown, supra,* the charge that Respondent violated Rule 1.1 should be dismissed.