983 A.2d 467

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

David M. ROBATON.

Misc. Docket AG No. 21 Sept. Term, 2008.

Court of Appeals of Maryland.

Nov. 16, 2009.

**418**

Fletcher P. Thompson, Assistant Bar Counsel (Melvin Hirshman, Bar Counsel, Attorney Grievance Commission of Maryland), for petitioner.

No Argument of Behalf of the Respondent.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY, ADKINS, and BARBERA, JJ.

BARBERA, J.

The Attorney Grievance Commission of Maryland ("Petitioner"), acting through Bar Counsel and pursuant to Maryland Rule 16–751(a),[1] filed a Petition for Disciplinary or Remedial Action against David M. Robaton, Respondent. On August 22, 2008, Bar Counsel charged Respondent with violating the following Maryland Rules of Professional Conduct ("MRPC"): 1.1 (Competence),[2] 1.3 (Diligence),[3] 3.3(a)(1) (Candor Toward the Tribunal),[4] 5.5(a) (Unauthorized Practice of Law; Multijurisdictional Practice),[5] and 8.4(c) and (d) (Misconduct).[6] Pursuant to Maryland Rule 16–752(a),[7] we re-

---

1. Maryland Rule 16–751(a) provides:

 (a) **Commencement of disciplinary or remedial action.** (1) Upon approval of Commission. Upon approval or direction of the Commission, Bar Counsel shall file a Petition for Disciplinary or Remedial Action in the Court of Appeals.

2. MRPC 1.1 provides:

 A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

3. MRPC 1.3 provides:

 A lawyer shall act with reasonable diligence and promptness in representing a client.

4. MRPC 3.3(a)(1) provides:

 (a) A lawyer shall not knowingly:
 (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer[.]

5. MRPC 5.5(a) provides:

 (a) A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so.

6. MRPC 8.4(c) and (d) provide:

 It is professional misconduct for a lawyer to:
 * * *
 (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

ferred the petition to the Honorable Charles G. Bernstein of the Circuit Court for Baltimore City, to conduct an evidentiary hearing and make findings of fact and conclusions of law. Judge Bernstein held an evidentiary hearing on January 22, 2009, at which Respondent appeared and participated. On March 5, 2009, Judge Bernstein issued, pursuant to Maryland Rule 16–757(c),[8] the following findings of fact and proposed conclusions of law.

## Findings of Fact and Conclusions of Law [9]

This Court finds that the following facts have been established by clear and convincing evidence pursuant to the hearing held on January 22, 2009.

### Complaint of the Honorable Duncan W. Keir

#### Findings of Fact

1. At the beginning of June 2007, Rodney T. Williams consulted Michael Wolf, a bankruptcy preparer. The pur-

---

(d) engage in conduct that is prejudicial to the administration of justice[.]

**7.** Maryland Rule 16–752(a) provides:

(a) **Order.** Upon the filing of a Petition for Disciplinary or Remedial Action, the Court of Appeals may enter an order designating a judge of any circuit court to hear the action and the clerk responsible for maintaining the record. The order of designation shall require the judge, after consultation with Bar Counsel and the attorney, to enter a scheduling order defining the extent of discovery and setting dates for the completion of discovery, filing of motions, and hearing.

**8.** Maryland Rule 16–757(c) provides:

(c) **Findings and conclusions.** The judge shall prepare and file or dictate into the record a statement of the judge's findings of fact, including findings as to any evidence regarding remedial action, and conclusions of law. If dictated into the record, the statement shall be promptly transcribed. Unless the time is extended by the Court of Appeals, the written or transcribed statement shall be filed with the clerk responsible for the record no later than 45 days after the conclusion of the hearing. The clerk shall mail a copy of the statement to each party.

**9.** We have excluded any references to Exhibits contained in the original.

pose of the consultation was to stop the foreclosure proceeding which had been instituted against Williams' residence.

2. Williams paid Wolf $800 for his services.

3. Wolf advised Williams to file for bankruptcy to stop the pending foreclosure proceeding. He accompanied Williams to the United States Bankruptcy Court in Baltimore and helped him obtain the forms to file a bankruptcy petition.

4. Williams filed the bankruptcy petition at the courthouse. While Williams was filling out the forms, Wolf called Williams' creditors on his behalf.

5. Wolf advised Williams to obtain the services of an attorney and recommended respondent.

6. After Williams' petition was filed, a meeting of creditors was set for July 13, 2007. The meeting date was subsequently changed to July 31, 2007.

7. Williams made an appointment with respondent concerning his bankruptcy. On June 6, 2007, Williams and respondent entered into a fee agreement whereby respondent agreed to represent Williams in the bankruptcy proceeding for a fee of $1,500. Pursuant to this agreement, Williams paid respondent $780 on June 6, 2007 and $220 on June 13, 2007.

8. Respondent knew Wolf because Wolf had previously been his client.

9. Respondent was aware that Wolf was a bankruptcy preparer and that Williams had consulted him before he came to respondent.

10. Respondent did not enter his appearance in Williams' bankruptcy proceeding in June 2007 because he was not equipped to file documents electronically, as the bankruptcy court required attorneys to do.

11. Consequently, respondent decided to complete Williams' bankruptcy filing by preparing documents that Williams would file *pro se,* rather than entering his appearance on Williams' behalf.

12. Respondent prepared a statement of financial affairs on Williams' behalf on or about June 12, 2007. Williams

was present when he prepared the statement. Respondent also prepared a Chapter 13 plan, summary of schedules, and Schedules A through J.

13. Local Bankruptcy Rule 9010-5 required respondent to enter his appearance on Williams' behalf when he prepared the Statement of Financial Affairs and other documents connected with the petition.

14. Question 9 on the statement of financial affairs stated: Payments related to debt counseling or bankruptcy

"List all payments made or property transferred by or on behalf of a debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case."

Respondent, on Williams' behalf, checked the box marked "None." He did not list Williams' payment to Wolf.

15. Williams testified that he believed he advised respondent that he paid Wolf.

16. Respondent advised the Bankruptcy Court on November 8, 2007 that he did not ask Williams whether or not he had paid Wolf any money.

17. The statement respondent prepared for Williams was false because Williams had, in fact, paid Wolf for consultation in connection concerning relief under the bankruptcy law.

18. Williams' payment to Wolf should have been disclosed in answer to Question 9.

19. On June 19, 2007, Williams filed a statement of financial affairs, schedules A through J, a summary of schedules, a matrix of creditors, a credit counseling certificate, and a Chapter 13 Plan.

20. On July 1, 2007, respondent's admission to practice before the United States District Court of Maryland lapsed because of respondent's failure to renew his membership in the bar of that court.

21. On July 26, 2007, respondent mailed his entry of appearance in Williams' bankruptcy case to Gerard Vetter, Esquire, Standing Chapter 13 Trustee, who had been appointed trustee in Williams' case. Respondent did not mail his entry of appearance to the clerk of the bankruptcy court.

22. On July 31, 2007, respondent appeared at the meeting of creditors on Williams' behalf.

23. Respondent handed the entry of appearance to Vetter at the meeting of creditors.

24. The next proceeding in Williams' bankruptcy case was the confirmation hearing scheduled for August 14, 2007. Respondent was aware of the hearing and advised Williams of the date. Williams expected respondent to attend.

25. Respondent did not mark the date correctly in his calendar and failed to appear.

26. At the hearing, Judge Duncan Keir learned that Williams was represented by respondent. Judge Keir discovered that respondent had not entered his appearance on Williams' behalf and, further, that he was not admitted to practice before the United States District Court.

27. Judge Keir further learned at the hearing that Williams had paid both Wolf and respondent and that respondent had not advised the court of the payments Williams had made to either.

28. Bankruptcy Rule 2016(b) requires attorneys to advise the court, within fifteen days of an order for relief, of compensation they have been paid. Respondent made no filing with the court advising it of Williams' payment to him for preparation of the bankruptcy filings.

29. Judge Keir directed the U.S. Trustees' Office to investigate Wolf's and respondent's activities. On August 15, 2007, Edmund Goldberg, Esquire, of the U.S. Trustees' Office, filed a Motion To Review Debtor's Transactions With Attorney And Undisclosed Bankruptcy Petition Preparer.

30. On August 23, 2007, Judge Keir issued an order to show cause why sanctions should not be imposed against respondent and Wolf.

31. On August 29, 2007, respondent filed a response to the motion. A hearing took place in the matter on November 8, 2007. At that proceeding, respondent represented to the court that he had not asked Williams about payments he had made to Wolf. He had no explanation at that time for his failure to appear, other that [sic] to say he believed it was to take place on the following day. Respondent had refunded Williams his $1,000 prior to the proceeding.

32. Because respondent was not admitted to the United States District Court, Judge Keir referred this matter to the Attorney Grievance Commission for possible discipline.

33. Respondent testified that when he became aware that his membership in the federal bar had lapsed, he applied for admission on August 17, 2007. He said that his admission was on hold, pending the outcome of any disciplinary proceeding against him.

### Conclusions of Law

1. *By appearing at the meeting of creditors when he was not authorized to practice before the U.S. District Court, respondent violated Rule 5.5(a) and 8.4(d).*

Rule 5.5(a) prohibits an attorney from practicing law in a jurisdiction in which he is not authorized to do so. When he represented Williams at the meeting of creditors on July 31, 2007, his membership in the bar of the United States District Court had lapsed. Therefore, he was practicing law in a jurisdiction in which he was not licensed in violation of Rule 5.5(a). Respondent's unauthorized representation of Williams also violated Rule 8.4(d). *Attorney Grievance Comm'n v. Awuah,* 374 Md. 505, 823 A.2d 651 (2003)(holding self out as Maryland attorney while suspended in Maryland violates 5.5(a) and 8.4(d)). In this case, his unauthorized practice impaired the expeditious resolution of Williams' bankruptcy petition.

2. *Respondent violated Rules 1.1 and 8.4(d) by failing to enter his appearance with the United States Bankruptcy Court.*

Respondent never entered his appearance with the Bankruptcy Court. Even though he prepared an entry of appearance and delivered it to the trustee both by hand and by mail, his appearance was never entered with the court as required by Local Bankruptcy Rule 9010-5. This rule requires that an attorney who prepares a bankruptcy petition, of which the schedules and statement of financial affairs are part, "be counsel of record in all matters arising in the administration of the case". Because respondent did not enter his appearance (which he could have lawfully done because he was admitted in June 2007), he violated the Rule. As a result, he did not get court notices and deprived the court and trustee of the knowledge that the debtor was being assisted by counsel.

3. *Respondent violated Rules 1.1, 1.3, and 8.4(d) by failing to appear at the confirmation hearing on August 14, 2007.* The failure to appear at a scheduled court proceeding without a sufficient explanation is a violation of Rules 1.1, 1.3, and 8.4(d). *Attorney Grievance Comm'n v. Tinsky,* 377 Md. 646, 835 A.2d 542, 545–46 (2003); *Attorney Grievance Comm'n v. Harris,* 366 Md. 376, 784 A.2d 516, 531–32 (2001); *Attorney Grievance Comm'n v. Mooney,* 359 Md. 56, 753 A.2d 17, 26 (2000). Respondent's reason for his failure to do so was that he had not correctly calendared the date of the hearing, which is not a sufficient excuse.

Respondent's lack of membership in the federal bar does not excuse his failure to accompany his client to court once he had obligated himself to the client. Had he appeared on that day, he would have been able to answer the questions which were eventually posed to him by Judge Keir at the hearing on November 8 and possibly obviated the necessity for an investigation by the United States Trustee's Office and the subsequent hearing.

4. *Respondent violated Rules 1.1 and 8.4(d) by failing to disclose his compensation as required by Bankruptcy Rule 2016(b).* Williams paid respondent $1,000 of an agreed-upon fee of $1,500. At no time did respondent disclose this fact, even

though both [sic] Bankruptcy Rule 2016 required him to do so. This shows a lack of the thoroughness required by Rule 1.1. It also deprived the court and creditors of the ability to find out how much of the debtor's assets had been paid to the attorney and thus violated Rule 8.4(d).

5. *Respondent violated Rule 1.1, 8.4(c), and 8.4(d) by failing to disclose Wolf's compensation.*

There is no dispute that respondent the [sic] answer to question 9, which respondent filled out in Williams's presence, was erroneous. Williams had paid $800 to Wolf and this information was called for by the question. Moreover, Williams testified that his recollection was he told respondent about his payment to Williams. Respondent's evidence is that he did not know of the payment and did not ask Williams. He acknowledged that he knew that Wolf had referred Williams to him and that he knew Wolf was a bankruptcy preparer.

At a minimum, respondent's failure to fill out the form accurately, when the correct information was available to him, is a violation of Rule 1.1 and 8.4(d). Petitioner contends that respondent also engaged in dishonest conduct in violation of Rule 8.4(c), even if the court accepts respondent's version of events. The question called for the debtor to disclose payments to bankruptcy preparers and respondent knew that Wolf was one. Thus, he had sufficient information to be put on inquiry that the answer was "yes". Even without this information, it was still dishonest for him to check "no" without asking Williams, who was with him when he filled out the form. By checking "no", respondent represented that this was the truth, when by his own admission, he had no basis for believing it was. Even when this incident is viewed in the light most favorable to respondent, his conduct amounts to an intentional misrepresentation. Accordingly, respondent violated Rule 8.4(c).

### Conclusion

For the reasons stated above, this Court finds, by clear and convincing evidence, that respondent had violated Maryland

Rules of Professional Conduct 1.1, 1.3, 3.3(a), 5.5(a), 8.4(c) and 8.4(d).

Judge Bernstein found no facts in mitigation of the rule violations.

## Discussion

 "This Court has original and complete jurisdiction over attorney discipline proceedings in Maryland." *Attorney Grievance Comm'n v. Thomas,* 409 Md. 121, 147, 973 A.2d 185, 200 (2009) (citations and internal quotation marks omitted). The hearing judge is required to apply the clear and convincing standard of proof when weighing the evidence, in order to establish the facts.[10] Md. Rule 16–757(b); *Attorney Grievance Comm'n v. Siskind,* 401 Md. 41, 54, 930 A.2d 328, 335 (2007). " 'The clear and convincing standard of proof lies somewhere between a preponderance of evidence standard, which is generally applied to civil cases, and beyond a reasonable doubt standard, which is applied to most crimes.' " *Siskind,* 401 Md. at 54, 930 A.2d at 335 (citations omitted).

 The findings of the hearing judge are *prima facie* correct and will not be disturbed unless clearly erroneous. *Attorney Grievance Comm'n v. Ward,* 394 Md. 1, 16, 904 A.2d 477, 486 (2006) (citations and internal quotations omitted). In that regard, we defer to the hearing judge's assessment of the witnesses' credibility. *Attorney Grievance Comm'n v. Brisbon,* 385 Md. 667, 674 n. 11, 870 A.2d 586, 590 n. 11 (2005). "All proposed conclusions of law made by the hearing judge, however, are subject to *de novo* review by this Court." *Attorney Grievance Comm'n v. Uguwuonye,* 405 Md. 351, 368, 952 A.2d 226, 236 (2008) (citing *Attorney Grievance Comm'n v. O'Toole,* 379 Md. 595, 604, 843 A.2d 50, 55 (2004)). In other

---

**10.** Md. Rule 16–757(b) provides:

 (b) **Burdens of proof.** The petitioner has the burden of proving the averments of the petition by clear and convincing evidence. A respondent who asserts an affirmative defense or a matter of mitigation or extenuation has the burden of proving the defense or matter by a preponderance of the evidence.

words, "[t]he ultimate determination [ ] as to an attorney's alleged misconduct is reserved for this Court." *Attorney Grievance Comm'n v. Garfield,* 369 Md. 85, 97, 797 A.2d 757, 764 (2002) (citations and internal quotations omitted).

Neither Petitioner nor Respondent has taken exception to the hearing judge's findings of fact and conclusions of law. In this case, we "elect to 'treat the findings of fact as established for the purpose of determining appropriate sanctions, if any.'" *Attorney Grievance Comm'n of Md. v. Snyder,* 406 Md. 21, 28, 956 A.2d 147, 150 (2008) (citations omitted); *see* Md. Rule 16–759(b)(2). "We also accept the conclusions of law if they are supported by the factual findings." *Snyder,* 406 Md. at 28, 956 A.2d at 150; *see* Md. Rule 16–759(b)(1).

■ Judge Bernstein's findings of fact support his conclusions of law that Respondent violated MRPC 3.3(a)(1) (knowingly making a false statement to a tribunal),[11] 8.4(c)(engaging in conduct involving dishonesty), and 8.4(d) (engaging in conduct prejudicial to the administration of justice), in connection with his preparation of the Statement of Financial Affairs. The Statement of Financial Affairs calls for disclosure of, among other facts, "all payments made ... by or on behalf of a debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy ..." Respondent, on Mr. Williams's behalf, checked the box marked "None," knowing full well that Mr. Wolf was a bankruptcy preparer and that Mr. Williams had consulted Mr. Wolf before coming to Respondent. We agree with Judge Bernstein that the above conduct was "dishonest" and "an intentional misrepresentation" in violation of MRPC 3.3, 8.4(c) and (d).

---

11. The fact that Judge Bernstein did not discuss the MRPC Rule 3.3(a)(1) violation in the "Conclusions of Law" section of the opinion, and merely listed that proposed rule violation among the other proposed rule violations in the "Conclusion" section of the opinion, does not prevent us from making the independent determination, based on the established facts, that Respondent violated Rule 3.3(a)(1). *See Ugwuonye,* 405 Md. at 368, 952 A.2d at 236.

■ Respondent, moreover, failed to inform the bankruptcy court that he was being compensated by Mr. Williams, which violated Bankruptcy Rule 2016(b), and he failed to enter his appearance as counsel for Mr. Williams when he could legitimately have done so (not having yet been decertified), which violated Local Bankruptcy Rule 9010–5. Judge Bernstein correctly observed that, through those omissions to act, Respondent "deprived the court and trustee of the knowledge that the debtor was being assisted by counsel," and he "deprived the court and creditors of the ability to find out how much of the debtor's assets has been paid to the attorney." Such conduct is prejudicial to the administration of justice, in violation of MRPC 8.4(d).

■ We also agree with Judge Bernstein's conclusion that Respondent violated MRPC 5.5(a) and MRPC 8.4(d) by appearing at the creditor's meeting and holding himself out to the bankruptcy Trustee as counsel for Mr. Williams when he was no longer certified to practice before the bankruptcy court. Further, we agree with the judge's conclusions that Respondent violated 1.1 (competence), and 1.3 (diligence). We refer in particular (as Judge Bernstein did) to Respondent's failure to enter his appearance with the Bankruptcy Court, failure to appear at the confirmation hearing, failure to disclose his compensation as required by Bankruptcy Rule 2016(b), and failure to include accurate information in the Statement of Financial Affairs.

■ We are left only to decide the appropriate sanction for Respondent's violations of MRPC 1.1, 1.3, 3.3(a), 5.5(a), 8.4(c) and 8.4(d). This Court's goal in attorney grievance matters is to protect the public and the public's confidence in the legal profession. *Attorney Grievance Comm'n v. Kreamer,* 404 Md. 282, 348, 946 A.2d 500, 539 (2008). In furtherance of that objective, this Court seeks to deter other attorneys from similarly violating the MRPC. *Id.* " 'The public is best protected when sanctions are imposed commensurate with the nature and the gravity of the misconduct and the intent with which it was committed.' " *Attorney Grievance Comm'n v.*

*Queen,* 407 Md. 556, 567, 967 A.2d 198, 204 (2009) (quoting *Attorney Grievance Comm'n v. Taylor,* 405 Md. 697, 720, 955 A.2d 755, 768 (2008)). The "effects of the violations as well as any mitigating factors" are also considered. *Attorney Grievance Comm'n v. Pawlak,* 408 Md. 288, 302, 969 A.2d 311, 320 (2009) (citations and internal quotation marks omitted).

Petitioner recommends that Respondent be indefinitely suspended from the practice of law, based upon Respondent's conduct in the present case and his receipt of a previous Commission reprimand.[12] Petitioner highlights what it believes to be Respondent's most serious conduct—filling out the Statement of Financial Affairs in which he answered "None" to the question of whether his client had paid a bankruptcy preparer, without attempting to verify whether such information was true—which violates MRPC 1.1, 8.4(c), and 8.4(d). Petitioner also emphasizes Respondent's attending a meeting of creditors for his client at a time when Respondent was not admitted to practice before the United States District Court of Maryland, thereby violating MRPC 5.5(a), and his later failing to appear for a scheduled hearing, thereby violating MRPC 1.1, 1.3, and 8.4(d).

We take into account that, although Respondent agreed to a reprimand from the Attorney Grievance Commission shortly before the commencement of this action, he has never appeared before this Court in a disciplinary capacity. Moreover, Bar Counsel concedes that Respondent's misrepresentations resulted from indifference, rather than from a selfish motive. We note, in that regard, that Respondent returned to his client the money that had been paid to him for his services. None of these facts, however, negates Respon-

---

**12.** In May 2007, the Respondent agreed to a reprimand by the Attorney Grievance Commission for violations of MRPC 1.1 and 1.3 in a bankruptcy matter. The reprimand reads as follows:

> Respondent violated Rules 1.1 and 1.3 by failing to ascertain the date on which his client had made a gift of interest in her house before filing a bankruptcy petition on her behalf, filing an incomplete petition, failing to enter his appearance in the matter, and failing to advise her on the effects of the transfer once he learned of its date.

dent's conduct or Respondent's culpability for it. *See Attorney Grievance Commission v. Goff,* 399 Md. 1, 31, 922 A.2d 554, 565 (2007). We also consider that Respondent's violation of MRPC 5.5(a), though certainly of significant concern to this Court, is mitigated by the fact that the violation was due solely to Respondent's failure, midway through his representation of Mr. Williams, to renew his membership in the Bar of the United States District Court.

Other cases involving transgressions similar to those Respondent has committed have resulted in the sanction of an indefinite suspension, with the right to apply for reinstatement after six months. *See, e.g., Attorney Grievance Comm'n v. Granger,* 374 Md. 438, 443–50, 460–62, 823 A.2d 611, 614–18, 625–26 (2003) (imposing indefinite suspension, with the right to reapply after six months, where the attorney (1) failed to file timely the necessary documents for his client's imminent bankruptcy and foreclosure, and (2) made false representations to Bar Counsel during its investigation, thereby violating MRPC 1.1, 1.2(a), 1.3, 1.4(a) and (b), 8.1 and 8.4(c) and (d)); *Attorney Grievance Comm'n v. Cohen,* 361 Md. 161, 176, 760 A.2d 706, 715 (2000) (imposing a sanction of indefinite suspension, with the right to apply for readmission after six months, based on the attorney's violations of MRPC 1.1, 1.3, 1.4, 8.1(a), and 8.4(c) and (d), by not adequately serving his clients during a bankruptcy proceeding and misrepresenting their tax return status to the court).

In the present case, Respondent's conduct warrants the sanction of indefinite suspension from the practice of law. As we have done in the cases cited, we shall permit Respondent to apply for readmission six months after the date of this Court's order of suspension.

**IT IS SO ORDERED. RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16-761, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE**

ATTORNEY GRIEVANCE COMMISSION AGAINST DAVID M. ROBATON.