479 A.2d 1372

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

Gerald David **BABBITT**.

Misc. (BV) No. 21, Sept. Term, 1983.

Court of Appeals of Maryland.

Aug. 23, 1984.

Glenn M. Grossman, Asst. Bar Counsel, Annapolis (Melvin Hirshman, Bar Counsel, Annapolis, on petition), for appellant.

Joseph A. DePaul, College Park (Patrice E. Lewis, College Park, on respondents recommendations), for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

PER CURIAM.

The Attorney Grievance Commission (Commission) through Bar Counsel filed a petition for disciplinary action against the respondent, Gerald David Babbitt (Babbitt), alleging a violation of the Disciplinary Rules of the Code of Professional Responsibility. Pursuant to Maryland Rule BV 9 b, this Court referred the matter to Judge Jacob S. Levin of the Seventh Judicial Circuit. On 29 February 1984, after an evidentiary hearing, the hearing judge concluded that Babbitt had violated Disciplinary Rule 1-102(A)(4).[1] The hearing judge filed a written memorandum as follows:

## "FINDINGS OF FACT

"This case is before the Court on an Attorney Grievance Commission's Petition for Disciplinary action pursuant to Rule BV11(a)[2] of the Maryland Rules of Procedure. In accordance with Rule BV11(a) this Court must present a written statement of its findings of the facts which are basically admitted by the Respondent Gerald David Babbitt as propounded at a hearing held on January 17, 1984. Accordingly, what follows is such a statement of those facts as summarized from the record.

"The Respondent is a member of the Bar who was admitted to practice law in the State of Florida in 1967 and in the State of Maryland in June of 1972. Presently, the Respondent maintains his office at his residence at

---

**1.** DR 1-102(A)(4) provides:
"(A) A lawyer shall not:

. . . . .

"(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation."

**2.** Md.Rule BV 11 a provides:
"A written statement of the findings of facts and conclusions of law shall be filed in the record of the proceedings and copies sent to all parties."

14900 Perrywood Drive, Burtonsville, Maryland, for the private practice of law. He was an attorney with the U.S. Internal Revenue Service for approximately five years and has engaged in private practice for some eight years, with emphasis on tax matters. In March of 1977, the Respondent, together with Andrew Panholzer, formed the New Century Corporation, a Maryland Corporation, for the purpose of building and selling homes. The Respondent owned 25% of the Corporation's shares (his wife owned 25%, as did Mr. Panholzer and his wife) and was a Vice President of the Corporation.

"On April 8, 1979, New Century executed a contract with Arnold and Lee Johnson (Johnsons) to construct a home on property owned by New Century in Owings, Maryland (located in Calvert County). Settlement was to occur no later than October 15, 1979. However, due to construction delays the loan commitment of the lender Advance Mortgage Corporation was about to expire, and the 11% interest rate committed would rise to the then higher market rate. As a result, a new contract was negotiated. This Contract, executed on October 31, 1979, extended the loan commitment to December 1, 1979 and carried with it a 12¾% interest rate. To compensate the Johnsons for the increase, New Century made concessions amounting to a reduction in the purchase price and related costs at closing.

"On the day of settlement, December 14, 1979, the Respondent was notified by the Lender that a Calvert County Use and Occupancy Permit (Permit) would be one of the necessary documents for settlement. It is contended that this was the first time the Respondent was informed that such a document would be required. Knowing that it would have been impossible to secure the Permit from the Calvert County Department of Inspection and Permits for settlement that afternoon, the Respondent, Panholzer, and a secretary discussed the problem and possible solutions. At the direction of the Respondent, New Century's secretary photocopied a bona

fide permit bearing the signature of Amos Bowen, the Calvert County Building Inspector, whiting out certain portions and materially altering the document so as to reflect the Permit as though it was a genuine and proper document for the Johnson property. The document was then placed in with other documents necessary for settlement and sent to the realtor for the afternoon settlement. Settlement occurred with New Century receiving the purchase price less amounts held in escrow for the completion of a 'laundry list' of unfinished work. Subsequently, New Century filed for bankruptcy due to the economic climate revolving around high interest rates and was liquidated. Testimony proffered indicated that as of this date the Johnsons have not received a proper Use and Occupancy Permit.

"The Respondent, though having admitted the aforementioned facts, urges that though he was responsible for the creation and falsification of the Permit there is some basis for justification. Here, the Respondent urges this Court to consider that he acted to rescue the Johnsons' loan commitment and to enable them to have the home they contracted for; that the Lender was fully aware that the premises were incomplete since they inspected the premises the morning of December 14, 1979; that New Century was under pressure to get the home ready for the inspection by the Lender and also was preparing for their annual Christmas Party to be held that evening. Further testimony was proffered that generally a Use and Occupancy Permit does not come into the possession of the purchaser until after occupancy, and here occupancy was not to occur for at least two weeks after settlement.

"On July 20, 1983, the Attorney Grievance Commission Review Board directed a review of this situation for possible ethical violations pursuant to Maryland Rule of Procedure BV7. On August 18, 1983, the Review Board of the Attorney Grievance Commission, in a report of their decision, recommended that charges be filed against

the Respondent for unethical and unprofessional activities pursuant to Disciplinary Rule 1–102(A) of the Maryland Code of Professional Responsibility.

"CONCLUSIONS OF LAW

"The Respondent violated the following Disciplinary Rule of the Code of Professional Responsibility by falsifying and creating a Calvert County Use and Occupancy Permit with regards to the Johnsons' home.

"1. Disciplinary Rule 1–102 Misconduct.

(A) A lawyer shall not:

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

"The Respondent, by his own admission, was responsible for the creation of the Permit as part of the settlement documents in the Johnson transaction. Though no direct monetary benefit inured to the Respondent as a result of the settlement, the bogus Permit did in fact mislead the Lender, the Johnsons, and the settlement attorney into believing that all conditions precedent to settlement and closing were met.

"In summary, this Court concludes that the Respondent did violate Disciplinary Rule 1–102(A)(4) by fabricating the Use and Occupancy Permit."

Babbitt did not except to the hearing judge's findings of facts and conclusions of law. He contends that because his disciplinary violation involved an isolated incident "in which no one suffered harm," a reprimand is the appropriate sanction. The Commission recommended that Babbitt be suspended from the practice of law for a period of sixty days.

We have made an independent review of the record and have concluded that the hearing judge's findings of facts are supported by clear and convincing evidence. *Attorney Grievance Commission v. Howard,* 299 Md. 731, 736, 475 A.2d 466, 468 (1984); *Attorney Grievance Commission v.*

*Stancil,* 296 Md. 325, 330–31, 463 A.2d 789, 791 (1983). Accordingly, we adopt those findings of facts. Additionally, we adopt the hearing judge's conclusions that Babbitt violated DR 1–102(A)(4).

■ The only remaining question is the appropriate sanction to be imposed. The severity of the sanction to be imposed for misconduct generally depends upon the facts and circumstances of the case. *Howard,* 299 Md. at 736, 475 A.2d at 468; *Attorney Grievance Commission v. Pollack,* 289 Md. 603, 604, 609, 425 A.2d 1352, 1355 (1981). Here the record shows that Babbitt knowingly participated in the preparation of a document that he purported to be a genuine Calvert County Use and Occupancy Permit, and that he then submitted that document as evidence that the conditions precedent to a real estate settlement were met. As a result, the parties to the settlement were misled. Nevertheless, the record further shows that Babbitt was admitted to the Florida Bar in 1967 and the Maryland Bar in 1972. This disciplinary violation was an isolated episode in the relatively long period during which he has practiced law.

Under the present circumstances, we conclude that a sixty-day suspension is the proper sanction. *See Attorney Grievance Commission v. Hall,* 298 Md. 230, 235–37, 468 A.2d 347, 351 (1983). Babbitt's suspension shall commence thirty days from the date of the filing of the opinion in this case. Prior to termination of the suspension, Babbitt shall pay all costs of the disciplinary proceedings.

*IT IS SO ORDERED: BABBITT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING ALL COSTS OF TRANSCRIPTS PURSUANT TO MARYLAND RULE BV 15 c, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST GERALD DAVID BABBITT.*