516 A.2d 570

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Edward Thomas MAXWELL, Jr.

Misc. Docket (Subtitle BV) No. 53, Sept. Term, 1985.

Court of Appeals of Maryland.

Nov. 6, 1986.

Melvin Hirshman, Bar Counsel and Kendall R. Calhoun, Assistant Bar Counsel of the Attorney Grievance Commission of Maryland, for petitioner.

Robert E. Cahill, Sr., Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH, McAULIFFE and ADKINS, JJ.

ADKINS, Judge.

As a result of proceedings initiated by petitioner, the Attorney Grievance Commission of Maryland, pursuant to Md.Rule BV9, Judge Marshall Levin of the Circuit Court for Baltimore City concluded that respondent, Edward

Thomas Maxwell, Jr., had violated Disciplinary Rules 1–102(A)(1) and (4) and 7–102(A)(5).[1] We shall suspend Maxwell from the practice of law for a period of 90 days.

Neither party has excepted to any of Judge Levin's findings of fact or conclusions of law, and after independent review of the record, we adopt them. *Attorney Grievance Commission v. Babbitt,* 300 Md. 637, 641–642, 479 A.2d 1372, 1375 (1984). The only issue before us is the discipline to be imposed. The Commission recommends a 180–day suspension. Maxwell submits that a reprimand would be sufficient. To place these contentions in context, we summarize the factual basis for the violations.

Maxwell, who specializes in criminal law, was admitted to the Maryland Bar in 1957. In 1980 Richard Fortman retained Maxwell to form a corporation, Jaxson and Associates, Inc., to purchase land in Dorchester County. The principals in the corporation were Fortman and two other men, Larkin and Taylor. Maxwell prepared articles of incorporation. The property was purchased in the spring of 1980.

Later in 1980 Fortman, whom Maxwell had represented in another matter, called Maxwell to advise that a Jeff Edwards, a man named Fannon, and others had been charged with "drug trafficking" in Florida. At Fortman's request, Maxwell undertook to represent them, and participated actively in the case, together with Florida counsel. The bail set for Edwards and Fannon was $500,000 each, for a total

---

1. These Disciplinary Rules state:
   "DR 1–102 Misconduct.
   "(A) A lawyer shall not:
       (1) Violate a Disciplinary Rule.
       \*   \*   \*   \*   \*   \*
       (4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
   "DR 7–102 Representing a Client Within the Bounds of the Law.
   "(A) In his representation of a client, a lawyer shall not:
       \*   \*   \*   \*   \*   \*
       (5) Knowingly make a false statement of law or fact."

of $1,000,000. Efforts were made to obtain this bail through London, a Baltimore bondsman. Fortman and Larkin met with London, who agreed to furnish a bail bond upon receipt of a 10 percent non-refundable premium of $100,000, 50 percent "cash collateral" ($500,000), and some "property." Fortman and Larkin told London they had Eastern Shore property worth $250,000, although it was not in their names. They assured him they would put this property up, but they did not want the collateral recorded. London agreed. A few days later Maxwell called London, said he was the lawyer in the case, and would facilitate provision of the property collateral.

In due course, London received the "cash collateral" and the cash premium. He posted the bond; Edwards and Fannon were released. The deed for the property, however, was not forthcoming. In several conversations between London and Maxwell, the latter assured the bondsman that he was working on the matter and that the deed would be produced. Eventually Maxwell delivered a deed to London. It purported to convey land in Dorchester County from Jaxson and Associates, Inc., to London's principal. It contained a purported signature of "Ronald Jaxson." It was witnessed by Maxwell who, in his capacity as notary public, also certified:

"That on this 19th day of February, 1981, before me, the subscriber, a Notary Public of the State of Maryland ... personally appeared Ronald Jaxson President of Jaxson and Associates, Inc., known to me (or satisfactorily proven) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged that he executed the same for the purpose therein contained, and in my presence signed and sealed the same."

In point of fact, Judge Levin found, there was no such person as "Ronald Jaxson." Fortman, and not "Jaxson," signed the deed in Maxwell's presence. Judge Levin further found that Maxwell knowingly made a false notariza-

tion, and falsely witnessed the deed. He concluded that Maxwell had engaged in conduct involving misrepresentation, (DR 1–102(A)(4)) and that in his representation of his clients, Edwards and Fannon, Maxwell had made a false statement of fact (DR 7–102(A)(5)). Accordingly, he further concluded that Maxwell had violated a disciplinary rule (DR 1–102(A)(1)).

On this state of the record the Commission, as we have seen, seeks a 180–day suspension. It cites, among other cases, *Attorney Grievance Commission v. Myers,* 302 Md. 571, 490 A.2d 231 (1985) and *Attorney Grievance Commission v. Sherman,* 295 Md. 229, 454 A.2d 359 (1983). Myers prepared a will improperly and later lied to a Commission investigator and an inquiry panel in an effort to cover up his incompetent work. He received a three-year suspension. Sherman had abandoned a client's cause and later made wilful misrepresentations to a court. He received a three-year suspension. There are, however, significant distinctions between *Myers* and *Sherman* and the case before us.

In each of those cases the deceit was particularly self-serving in that it involved the lawyer's efforts to conceal his misdeeds. That factor is not present here. Moreover, in both *Myers* and *Sherman* the lawyers had been the subject of prior disciplinary proceedings. That factor, too, is not present here. Judge Levin found that:

"With the exception of [the instant misrepresentation, Maxwell's] record has ... been exemplary. There is no evidence of any other blemish on Maxwell's record."

Finally, Myers did not recognize any misconduct on his part, and evidenced no remorse. In contrast, Judge Levin found "by clear and convincing evidence" that Maxwell

"*now* recognizes that what he did was wrong. He admits to using 'lousy' judgment.... I believe he is sincere. I believe he has turned his life around. I believe he has

addressed his problems intelligently and with resolve." [emphasis in original]

We do not believe this case demands the severe discipline imposed in *Myers* and *Sherman.*

On the other hand, we are not persuaded that a mere reprimand is sufficient here. In *Attorney Grievance Commission v. O'Neill,* 285 Md. 52, 400 A.2d 415 (1979), we reprimanded a lawyer who had lied to a judge, an assistant state's attorney and a probation agent. But O'Neill was a neophyte attorney who admitted his lies on the day they were made. In view of this and his youth and inexperience, the reprimand was imposed. Maxwell is a veteran lawyer with almost 30 years at the Bar. Nor did he voluntarily come forward to admit his misdeeds.

Maxwell cites *Attorney Grievance Commission v. Babbitt, supra,* in which a lawyer deliberately falsified a use and occupancy permit to facilitate a real estate settlement. We suspended him for 60 days, taking account of his prior good record. Babbitt also argued that no one had suffered harm by reason of his misconduct, a factor that Judge Levin also found to exist in the instant case, because both Edwards and Fannon appeared for trial, thus eliminating any problem of forfeiture of the bail bond. But, as Judge Levin also pointed out, Maxwell's falsification of the deed might have led to substantial harm had Edwards and Fannon failed to appear.

Maxwell also relies on *Attorney Grievance Commission v. Hall,* 298 Md. 230, 468 A.2d 347 (1983). There, we suspended for 30 days a lawyer who had made misleading, although not fraudulent, statements regarding a client's eligibility for public benefits. We believe that Maxwell's deliberate falsification of the notary certificate, and his knowing attestation of a false signature on a deed as genuine, was more egregious than the conduct involved in *Hall.* Nor are we persuaded by Maxwell's argument that his misconduct was influenced by his abuse of alcohol. Judge Levin expressly found "that alcoholism [did not pre-

vent] Maxwell from knowing what he was doing when he made the false notarization."

"In cases where the improper conduct of the lawyer involved misrepresentation, the severity of the sanction to be imposed for the misconduct depends upon the facts and circumstances of the particular case." *Myers,* 302 Md. at 579, 490 A.2d at 235. We have given careful consideration to those facts and circumstances. We recognize Maxwell's prior good record and his remorse, as well as the lack of actual harm in this case. Yet we cannot condone deliberate falsification of a solemn document by an experienced attorney. That this action was done to assist a client in obtaining bail, rather than for the lawyer's personal gain, does not exempt Maxwell from discipline. *See Prince George's Co. Bar Ass'n v. Vance,* 273 Md. 79, 84, 327 A.2d 767, 770 (1973).

The imposition of a suspension from the practice of law furthers "the primary purpose of protecting the public by demonstrating the type of misconduct which this Court and the legal profession will not tolerate." *Attorney Grievance Commission v. Abb,* 306 Md. 636, 643, 510 A.2d 1087, 1091 (1986). We conclude that in order to protect the public from misconduct of this sort, *Attorney Grievance Commission v. Kahn,* 290 Md. 654, 431 A.2d 1336 (1981), a 90–day suspension is the proper sanction. Maxwell's suspension shall commence 30 days from the date of the filing of the opinion in this case. Prior to termination of the suspension, he shall pay all costs of the disciplinary proceedings.

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF ALL TRANSCRIPTS PURSUANT TO MARYLAND RULE BV15 c. FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST EDWARD THOMAS MAXWELL, JR.