*Attorney Grievance Commission v. Neil Warren Steinhorn*, Misc. Docket AG No. 15, September Term, 2017

**ATTORNEY MISCONDUCT — DISCIPLINE — INDEFINITE SUSPENSION —** Respondent, Neil Warren Steinhorn, violated Maryland Lawyers' Rules of Professional Conduct 3.3(a)(1) and 8.4(a), (c), and (d). These violations stemmed from Respondent's misrepresentations to the court about the total amount owed to Respondent's client, a home owners' association ("HOA"), by its debtors, several condominium owners who failed to pay their monthly HOA fees. Specifically, in the complaints filed to recoup this debt, Respondent grouped his attorney's fees with the damages sought, listing one aggregate figure, even though the complaint form specifies that damages and attorney's fees should be itemized on separate lines. In doing so, Respondent misrepresented to the court that he was not seeking any attorney's fees, which prevented the court from assessing the reasonableness of those fees. An indefinite suspension with the right to apply for reinstatement after six months is the appropriate sanction for this misconduct.

Circuit Court for Baltimore County
Case No. 03-C-17-006386
Argued: October 9, 2018

IN THE COURT OF APPEALS
OF MARYLAND

Misc. Docket AG No. 15

September Term, 2017

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND

v.

NEIL WARREN STEINHORN

Barbera, C.J.,
Greene
*Adkins
McDonald
Watts
Hotten
Getty,

JJ.

Opinion by Barbera, C.J.

Filed: December 20, 2018

*Adkins, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the MD. Constitution, Article IV, Section 3A, she also participated in the decision and adoption of this opinion.



Pursuant to Maryland Uniform Electronic Legal Materials Act (§§ 10-1601 et seq. of the State Government Article) this document is authentic.

Suzanne C. Johnson, Clerk

On June 26, 2017, the Attorney Grievance Commission of Maryland ("Petitioner"), acting through Bar Counsel, filed in this Court a Petition for Disciplinary or Remedial Action ("Petition") against Neil Warren Steinhorn ("Respondent"). The Petition alleged, among other things,[1] violations of the Maryland Lawyers' Rules of Professional Conduct ("MLRPC") 3.3 (Candor Toward the Tribunal) and 8.4 (Misconduct).[2] Those charges arise from misleading complaints Respondent filed with the District Court of Maryland sitting in Baltimore County while representing the Council of Unit Owners of Kingswood Commons, Inc. ("Kingswood"), a homeowners' association, in several debt collection cases. Specifically, Respondent inflated the damages sought on the complaint form by thirty percent without separately indicating, as the form requires, that this increase constituted his attorney's fees.

Pursuant to Maryland Rules 19-722(a) and 19-727, this Court designated the Honorable Keith R. Truffer ("hearing judge") of the Circuit Court for Baltimore County to conduct an evidentiary hearing and make findings of fact and conclusions of law. The hearing was held on March 13, 2018. Respondent testified and presented evidence on his

---

[1] The Petition initially alleged that Respondent also violated MLRPC 1.5 (Fees), 1.15 (Safekeeping Property), and 1.16 (Declining or Terminating Representation), but Petitioner dropped these charges after the hearing.

[2] On July 1, 2016, the Maryland Lawyers' Rules of Professional Conduct were renamed the Maryland Attorneys' Rules of Professional Conduct and were recodified, without substantive changes, to Title 19 of the Maryland Rules. Because we judge Respondent's conduct based on the extant rules at the time of his actions, we refer to the MLRPC throughout this decision. *Attorney Grievance Comm'n v. Butler*, 456 Md. 227, 230 n.1 (2017).

behalf. On April 27, 2018, the hearing judge issued written findings of fact and conclusions of law, concluding that Respondent did not commit any violations of the MLRPC.

Bar Counsel, on behalf of Petitioner, took no issue with the hearing judge's findings of fact but filed exceptions to each conclusion of law. Petitioner asserts that Respondent violated MLRPC 3.3(a)(1) and 8.4 because he provided the District Court with false information, misled the District Court with that information, and engaged in disreputable conduct. Petitioner also excepts to the hearing judge's finding of certain mitigating factors and asks us to consider other aggravating factors in addition to the ones the hearing judge found. Respondent counters that although he made a mistake, he did not violate any of the MLRPC.

On October 9, 2018, this Court heard oral argument in this matter. Petitioner asks us to disbar or, in the alternative, suspend Respondent. Respondent requests that we affirm the hearing judge's legal conclusions and dismiss this action. For the following reasons, we agree with Petitioner that Respondent violated MLRPC 3.3 and 8.4 and, consequently, suspend Respondent from practicing law indefinitely with the right to apply for reinstatement no sooner than six months after the suspension takes effect.

**I.**

**A. The Hearing Judge's Findings of Fact**

*1. Background*

Respondent was admitted to the Maryland Bar in 1974. In 1979, after a five-year stint as an Assistant State's Attorney, Respondent transitioned to private practice. On June 4, 1990, Respondent was convicted of money laundering and transporting stolen goods,

*United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991), and subsequently, in September 1990, this Court suspended him from practicing law in Maryland. Thereafter, on February 1, 1994, following affirmance of his convictions,[3] this Court disbarred Respondent by consent. *Attorney Grievance Comm'n v. Steinhorn*, 333 Md. 580 (1994).

In October 2007, this Court granted Respondent's Petition for Reinstatement to the Maryland Bar. *In re Reinstatement of Steinhorn*, 401 Md. 698 (2007). Since his reinstatement, Respondent has handled exclusively debt collection cases, representing homeowner associations, small businesses, and bail bondsmen. In one such matter, Respondent assisted Kingswood in collecting past due condominium fees from several condominium unit owners.

## 2. *Respondent's Court Filings*

As part of his work for Kingswood, Respondent filed two form complaints—entitled DC-CV-001, Complaint/Application and Affidavit in Support of Judgment—with the District Court of Maryland sitting in Baltimore County in 2014. The first complaint, filed on January 14, 2014, sought to recover $9,120 in delinquent condominium fees from Aileen Pratt, a condominium unit owner. The second complaint, filed on April 2, 2014, also sought to collect $9,120 in outstanding condominium fees from Jason Green, another condominium unit owner. Respondent submitted affidavits in support of those claims,

---

[3] Respondent's convictions were affirmed in an unpublished decision, *see United States v. Steinhorn*, 946 F.2d 888 (4th Cir. 1991), and his request for post-conviction relief was subsequently denied in an unpublished decision, *see United States v. Steinhorn*, 986 F.2d 1416 (4th Cir. 1993).

which were signed by Marc Greenberg ("Greenberg"), an agent of Kingswood. Greenberg relied on Respondent's representations about the accuracy of those filings.

The $9,120 figure listed on both complaints represented unpaid condominium fees for a four-year period (2011-2014) plus Respondent's thirty-percent attorney's fee.[4] In other words, of the $9,120 sought in the complaints, $6,912 was for the outstanding HOA fees and $2,208 was for attorney's fees.[5] Respondent conjoined the unpaid assessments ($6,912) with the agreed-upon attorney's fees ($2,208) in each complaint filed with the court, listing one figure ($9,120) in the damages line, leaving the line designated for attorney's fees blank (see image below).

---

[4] The math indicates that Respondent's fees were closer to thirty-two percent of the total amount recovered, not the thirty percent he indicated in his testimony.

[5] The hearing judge's findings note that Respondent "determined the monthly amounts due from the debtor to be $144 and that his agreed attorney's fee was $46, calculated at 30% of the amount recovered. Each of the complaints filed on behalf of Kingswood failed to state these damage amounts separately, instead claiming an aggregate of $190 per month in damages." The figures discussed above illustrate the aggregate of these monthly assessments over the four-year delinquency period to demonstrate how the $9,120 figure was calculated.

4

*3. The Complaint to the Attorney Grievance Commission*

In 2016, Kingswood terminated Respondent's representation and replaced him with Brian Fellner, Esq. ("Fellner"). Fellner discovered that Respondent did not timely remit several payments he collected for Kingswood. Fellner then filed a complaint with Petitioner, alleging that Respondent's delay was unwarranted. Bar Counsel investigated and determined that Respondent was also inflating the amount of damages sought in his court filings, and that he failed to rectify the issue once it was called to his attention. Petitioner concluded that such conduct violated MLRPC 3.3 and 8.4, among other charged violations.[6]

*4. Respondent's Testimony*

During the hearing on his conduct, Respondent "candidly admitted" that he made a mistake, and he "denied any intent to deceive the court." He testified that he only sought to collect that which was rightfully owed to him based on his fee agreement with Kingswood.

The hearing judge found, as a matter of fact, that Respondent's testimony was credible and that Respondent never intended to make a false statement to the District Court. The hearing judge was persuaded by the fact that Respondent did not personally benefit from his conduct. The judge was also swayed by Respondent's sincere remorse and his implementation of new office procedures to prevent those issues from reoccurring.

---

[6] *See supra* note 1.

## B. The Hearing Judge's Conclusions of Law

Based on the record and the above-summarized findings of fact, the hearing judge concluded that Petitioner failed to demonstrate, by clear and convincing evidence, that Respondent violated MLRPC 3.3(a)(1) and 8.4 (a), (c), and (d). As noted at the outset, Petitioner has filed exceptions to the hearing judge's conclusions of law.

## II.

## Standard of Review

"In attorney discipline proceedings, this Court has original and complete jurisdiction and conducts an independent review of the record." *Attorney Grievance Comm'n v. Good*, 445 Md. 490, 512 (2015) (citation omitted). Where, as here, neither party has filed exceptions to the hearing judge's findings of fact, we treat those facts as established. *Attorney Grievance Comm'n v. Reno*, 436 Md. 504, 508 (2014); *see also* Md. Rule 19-741(b)(2)(A). We review *de novo* the hearing judge's legal conclusions, Md. Rule 19-741(b)(1), to determine if they are supported by clear and convincing evidence, Md. Rule 19-727(c), and we decide, if the attorney committed misconduct, the appropriate sanction. *Attorney Grievance Comm'n v. Butler*, 456 Md. 227, 238 (2017).

## III.

## The Rule Violations

Based upon our independent review of the record, we disagree with the hearing judge's legal conclusions and hold that Respondent violated MLRPC 3.3(a)(1) and 8.4(a), (c), and (d).

<u>MLRPC 3.3, Candor Toward the Tribunal</u> [7]

MLRPC 3.3(a)(1) provides, in pertinent part, that a lawyer shall not "knowingly . . . make a false statement of fact . . . to a tribunal." This duty is premised on the idea that "[e]very court has the right to rely upon an attorney to assist it in ascertaining the truth of the case before it." *Attorney Grievance Comm'n v. Smith*, 442 Md. 14, 34 (2015) (citation omitted). Therefore, "an attorney 'must be candid at all times with a tribunal or inquiry board.'" *Butler*, 456 Md. at 238 (quoting *Attorney Grievance Comm'n v. Joseph*, 422 Md. 670, 699 (2011)). Accordingly, a lawyer violates MLRPC 3.3(a)(1) when he or she knowingly provides the court with false information, *Smith*, 442 Md. at 34 (citing *Attorney Grievance Comm'n v. Ward*, 394 Md. 1, 32 (2006)), or fails to correct any false information previously provided, *Joseph*, 422 Md. at 699.

Petitioner excepts to the hearing judge's conclusion that Respondent did not violate MLRPC 3.3(a)(1). Petitioner contends that the hearing judge applied an erroneous legal standard in concluding that Respondent's filings were not "knowingly false" because he had "no intent to deceive anyone" and no "party suffered any harm." Respondent counters that he made an honest mistake, but the factual findings of the hearing judge compel the legal conclusion that he did not violate MLRPC 3.3(a)(1). We agree with Petitioner and therefore sustain its exception.

As an initial matter, we reject Respondent's assertion that we are compelled to uphold the hearing judge's legal conclusions because we have accepted his factual findings

---

[7] MLRPC 3.3 is now codified at Maryland Rule 19-303.3.

as established. According to Respondent, the only legal conclusion that can be reached from the hearing judge's "exculpatory" factual findings is that Respondent did not violate MLRPC 3.3. Respondent is mistaken. His assertion runs counter to the well-established standard of review in attorney grievance proceedings.

As part of our independent review of the record, we are free to reach different legal conclusions than those of the hearing judge, even if we accept the judge's factual findings. *See Attorney Grievance Comm'n v. Patterson*, 421 Md. 708, 724 (2011) (noting that we afford no deference to a hearing judge's legal conclusions). In *Attorney Grievance Commission v. Taylor*, for example, the hearing judge found, and Bar Counsel did not contest, that Mr. Taylor never commingled or mishandled client funds deposited into his client trust account. 405 Md. 697, 707, 714 (2008). We concluded, however, that because he deposited "personal funds into the trust account in excess of the amount needed to cover bank charges," Mr. Taylor violated MLRPC 1.15(b) (Safekeeping Property).[8] *Id.* at 714. We therefore overturned the hearing judge's legal conclusion and sanctioned Mr. Taylor, "notwithstanding the hearing judge's finding that there was no . . . misuse of client funds." *Id.* at 715. Likewise, here, our *de novo* review leads us to the conclusion that Respondent violated MLRPC 3.3(a)(1), notwithstanding the hearing judge's finding that Respondent acted with no intent to deceive anyone.

---

[8] MLRPC 1.15(b), now codified at Maryland Rule 19-301.15, provided, at the time of the *Taylor* decision, that "[a] lawyer may deposit the lawyer's own funds in a client trust account for the sole purpose of paying bank service charges on that account, but only in an amount necessary for the purpose." *Taylor*, 405 Md. at 714. The revised Maryland Rule 19-301.15(b) refers readers to Maryland Rule 19-408(b) for the same proposition.

We need not look any further than Respondent's testimony to reach this conclusion. Respondent testified that he reviewed each complaint to ensure its accuracy before filing it with the court. He further testified that he "*knew* what the attorney's fees were," that he "*knew* what the division was going to be subsequent to the payment of the judgment" ($6,912 for the debt and $2,208 for attorney's fees), and that those figures "should have been separated."[9] (Emphasis added). Yet, despite this knowledge, Respondent did not separate those figures on the complaint forms he filed with the District Court, and he did not file corrected forms thereafter, even after this issue was called to his attention. It follows that Respondent knowingly submitted false information to the court—that the underlying debt was $9,120, when, in fact, it was only $6,912—which he failed ever to correct. Consequently, clear and convincing evidence demonstrates that Respondent violated MLRPC 3.3(a)(1).

That the hearing judge found as a fact that Respondent did not intend to deceive the court, did not harm anyone, and did not benefit from this practice—findings that Bar Counsel has not excepted to and we thus adopt—is immaterial to our analysis. What matters for purposes of finding an MLRPC 3.3(a)(1) violation is whether an attorney knows that the information he or she presents to the tribunal is incorrect. *Ward*, 394 Md. at 32.

---

[9] The instructions for the District Court complaint form specify that attorneys "need to indicate . . . whether [they] are claiming 'attorney's fees.'" Eliot M. Wagonheim, District Court of Maryland, *Small Claims: How to File a Small Claim in the District Court of Maryland* 12 (2016), https://perma.cc/CZN2-RQD9. Any reasonable attorney with over a decade of experience filing small claims with the District Court would know that attorney's fees must be listed separately from the principal damages sought.

When it came to the accuracy of court filings in Respondent's office, "the buck stop[ped]" with him,[10] as he noted in his testimony; the blame therefore rests with him for the erroneous filings at issue here.[11]

MLRPC 8.4, Misconduct [12]

*1. MLRPC 8.4(c)*

MLRPC 8.4(c) states that "[i]t is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation." This rule is grounded in the idea that "[h]onesty is of paramount importance in the practice of law." *Attorney Grievance Comm'n v. Agbaje*, 438 Md. 695, 715 (2014) (citing *Attorney Grievance Comm'n v. Ellison*, 384 Md. 688 (2005)); *see also Attorney Grievance Comm'n v. Myers*, 333 Md. 440, 449 (1994) ("Candor and truthfulness are two of the most important moral character traits of a lawyer."). We have held that, "in the context of Rule 8.4(c), so long as an attorney knowingly makes a false statement, he necessarily engages in conduct involving misrepresentation. No intent to deceive is necessary." *Attorney Grievance Comm'n v. Dore*, 433 Md. 685, 708 (2013); *see also Attorney Grievance Comm'n v. Zhang*,

---

[10] The record indicates that Respondent's work force is small, consisting primarily of family members, including his two sons, his wife, and a part-time secretary. It is unclear whether any of these individuals are attorneys, but Respondent's testimony makes clear that he is responsible for approving all legal filings.

[11] It is insignificant that Respondent has now implemented new office procedures designed to prevent this issue from arising again because, by his own admission, he never corrected either of the inaccurate complaints previously filed with the court, despite the continuing obligation to do so. *See Joseph*, 422 Md. at 699.

[12] MLRPC 8.4 is now codified at Maryland Rule 19-308.4.

10

440 Md. 128, 168-69 (2014) (highlighting the difference between fraud and deceit, which require an intent to deceive, and dishonesty and misrepresentation, which do not require any specific intent).

Petitioner excepts to the hearing judge's conclusion that Respondent did not violate MLRPC 8.4(c). Petitioner asserts that the hearing judge erred in concluding that Respondent did not violate MLRPC 8.4(c) because his pleadings "never . . . disrupt[ed] . . . any court proceeding" and "no judge . . . ever objected" to his filings. Respondent again counters that the hearing judge's finding that Respondent committed a genuine error but did not intend to deceive anyone necessarily means that he did not violate MLRPC 8.4(c). We again agree with Petitioner and therefore sustain its exception.

There is significant overlap between MLRPC 3.3(a)(1) and 8.4(c). *Dore*, 433 Md. at 707. Indeed, "[a] lawyer that violates [MLRPC] 3.3(a) generally violates [MLRPC] 8.4(c) as well." *Id.* (quoting Douglas R. Richmond, *The Ethics of Zealous Advocacy*: *Civility, Candor and Parlor Tricks*, 34 Tex. Tech L. Rev. 3, 28 (2002)). This overlap occurs because both rules are violated when a lawyer—regardless of intent—knowingly makes a false statement to the court. *Id.* at 708; *see also Attorney Grievance Comm'n v. Framm*, 449 Md. 620, 662 (2016). Because we have concluded that Respondent knowingly submitted false statements to the court, we similarly conclude that such submissions violated MLRPC 8.4(c).

We nevertheless address the significance of Respondent's misrepresentations independent of his lack of candor towards the tribunal because there are instances where an attorney may engage in misleading conduct, in violation of MLRPC 8.4(c), that is not

11

necessarily dishonest conduct, in violation of 3.3(a)(1).[13] *See Attorney Grievance Comm'n v. Nwadike*, 416 Md. 180, 194 (2010) (citing *Attorney Grievance Comm'n v. Calhoun*, 391 Md. 532, 548 (2006)) (noting that an attorney can mislead "by silence and lack of communication[,]" in violation of MLRPC 8.4(c), without acting dishonestly). By grouping his attorney's fees with the damages listed in his complaints, Respondent misled the court into believing that he was not collecting any attorney's fees when the facts demonstrate otherwise. *See In re Clark's Case*, 37 A.3d 327, 329, 331 (N.H. 2012) (finding a violation when an attorney "entered zeros . . . on the two [bankruptcy] forms instructing filers to enter . . . the debtor's spouse's income" because he "in effect [told] the court that [the debtor's] husband had no income when . . . he did"). In other words, Respondent concealed the material fact that he was collecting attorney's fees, thereby preventing the court from assessing the reasonableness of those fees.

We have long held that concealment of material facts constitutes an MLRPC 8.4(c) violation. *See Attorney Grievance Comm'n v. Barton*, 442 Md. 91, 142 (2015) (citation omitted) ("[w]e have found a [MLRPC] 8.4(c) violation when a misrepresentation is . . . based upon a concealment of material facts."); *see also Attorney Grievance Comm'n v.*

---

[13] The MLRPC inherently envisions a difference between dishonesty and misrepresentation, as MLRPC 8.4(c), for example, lists the two as separate ways to commit misconduct. Here, Respondent committed an affirmative dishonest act by listing $9,120 as the total debt owed, when he knew only $6,912 was due as debt, which violated MLRPC 3.3(a)(1) and 8.4(c); however, he also misled the court through silence, rather than an affirmative falsity, by not indicating his intention to collect attorney's fees, which constitutes a distinct violation of MLRPC 8.4(c). It is true that "[t]here are circumstances where failure to make a disclosure" can violate MLRPC 3.3(a)(1), cmt. 3 to MLRPC 3.3, but those tend to involve situations where an attorney makes intentional misrepresentations to the court to achieve a specific outcome. *See, e.g.*, *Framm*, 449 Md. at 659.

*Robaton*, 411 Md. 415, 428 (2009) (holding that an attorney violated MLRPC 8.4(c) by failing to disclose a debtor's payment to a non-attorney professional on a bankruptcy form submitted to the court). Accordingly, we hold that when a lawyer, like Respondent, files a complaint and conceals his or her intent to collect attorney's fees by joining them together with the damages sought, listing one aggregate amount due, that lawyer commits misconduct.

*2. MLRPC 8.4(d)*

In light of the above, we have no difficulty sustaining Petitioner's final exception, and therefore conclude that Respondent also violated MLRPC 8.4(d). MLRPC 8.4(d) provides that "[i]t is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice." Prejudice to the administration of justice may "be measured by the practical implications the attorney's conduct has on the day-to-day operation of our court system." *Dore*, 433 Md. at 710. Thus, we have held that depriving the court of knowledge and, in turn, the ability to act upon that knowledge is a violation of MLRPC 8.4(d). *See Robaton*, 411 Md. at 429 (holding that an attorney violated MLRPC 8.4(d) by failing to inform the court that a bankruptcy debtor was paying the attorney, which "deprived the court and trustee of the knowledge that the debtor was being assisted by counsel," thus preventing "the court and creditors of the ability to find out how much of the debtor's assets ha[d] been paid to the attorney").

Here, Respondent failed to inform the court that he was collecting attorney's fees.[14] Through his omissions, Respondent deprived the court of the ability to evaluate the reasonableness of his fees, an essential judicial oversight function. *See Cohn v. Bd. of Prof'l Responsibility*, 151 S.W.3d 473, 489 (Tenn. 2004) ("[b]y filing for attorney's fees using a method that avoided, almost entirely, the scrutiny of the court, [respondent] eviscerated . . . [essential] judicial oversight functions."), *superseded by statute*, Tenn. Sup. Ct. R. 9, § 1.3, *as recognized in Hughes v. Bd. of Prof'l Responsibility*, 259 S.W.3d 631, 638 (Tenn. 2008). Respondent also failed to submit any supporting documentation justifying the reasonableness of the fees sought, in contravention of the Maryland Rules. *See* Md. Rule 3-306(c)(4)(C); Md. Rule 3-741(d)(2).[15] Such conduct is prejudicial to the administration of justice, in violation of MLRPC 8.4(d). *Robaton*, 411 Md. at 429.

Respondent stresses that no District Court judge ever objected to his filings. Respondent is correct that, technically speaking, no objections were ever made, but that is not because the District Court judges approved of or overlooked Respondent's conduct; on the contrary, it is because those judges were unaware of what was occurring since Respondent's complaints, on their face, concealed the material fact that he was collecting

---

[14] Notably, none of the filings that Respondent submitted to the court (e.g., the complaints, statements of fees due, and requests for garnishment on wages) as part of his debt collection work for Kingswood included any information about Respondent's intentions to collect attorney's fees.

[15] Maryland Rule 3-306(c)(4)(C), for example, requires a plaintiff's attorney seeking attorney's fees to demonstrate entitlement to and the reasonableness of those fees. Similarly, Maryland Rule 3-741(d)(2) requires an attorney to provide evidence supporting the right to any fees sought in judgment on affidavit proceedings. These rules are designed to assist the court in assessing the reasonableness of attorney's fees given the risk for abuse.

14

attorney's fees. Respondent's conduct thus engendered disrespect for the court, constituting further evidence of his misconduct. *See Attorney Grievance Comm'n v. Brigerman*, 441 Md. 23, 40 (2014) (quoting *Agbaje*, 438 Md. at 717) ("'Conduct which is likely to . . . engender disrespect for the court is conduct prejudicial to the administration of justice.'").

*3. MLRPC 8.4(a)*

MLRPC 8.4(a) provides, in relevant part, that "[i]t is professional misconduct for a lawyer to . . . violate . . . the Maryland Lawyers' Rules of Professional Conduct." Put simply, when an attorney violates any of the MLRPC, that attorney also violates MLRPC 8.4(a). *Framm*, 449 Md. at 664. Because we have held that Respondent violated multiple provisions of the MLRPC, Respondent necessarily also violated MLRPC 8.4(a). *Butler*, 456 Md. at 242.

## IV.

## Aggravating and Mitigating Factors

Having determined that Respondent committed misconduct, we next address the presence of any mitigating or aggravating factors. A weighing of "the attorney's misconduct against any existing mitigating and aggravating factors" is essential to determining the proper sanction. *Framm*, 449 Md. at 665 (quoting *Attorney Grievance Comm'n v. Coppola*, 419 Md. 370, 405 (2011)). Bar Counsel bears the burden of proving the "existence of aggravating factors . . . by clear and convincing evidence." *Attorney Grievance Comm'n v. Lang*, 461 Md. 1, 27-28 (2018) (first citing Md. Rule 19-727(c); and then citing *Attorney Grievance Comm'n v. Eckel*, 443 Md. 75, 85 n.5 (2015)). The charged

15

attorney "must show the presence of mitigating circumstances by a preponderance of the evidence." *Id.* at 27 (citing *Joseph*, 422 Md. at 695).

*1. Aggravating Factors*

The hearing judge found several aggravating factors: Respondent's prior disciplinary record, his extensive experience practicing law, and his use of the improper filing method in more than one case.[16] Respondent takes no issue with those findings, presumably because he believes he did not violate the MLRPC. Petitioner asks us to find the presence of additional aggravating factors, including a dishonest motive, a pattern of misconduct, and a refusal by Respondent to acknowledge the wrongful nature of his conduct. *See Attorney Grievance Comm'n v. Sperling*, 434 Md. 658, 676 (2013). We decline to so.

Petitioner has failed to satisfy its burden of proof regarding the existence of additional aggravating factors. We defer to the hearing judge's credibility finding that Respondent had no intent to deceive, *Attorney Grievance Comm'n v. Tanko*, 427 Md. 15, 55 (2012), and therefore we decline to conclude that he exhibited a dishonest motive, particularly given that he procured no pecuniary benefit from his misconduct. *See Attorney Grievance Comm'n v. Stinson*, 428 Md. 147, 195 (2012) (finding a dishonest and selfish

---

[16] We note that because the hearing judge concluded that Respondent did not commit any MLRPC violations, "it was not necessary for the hearing judge to make findings of fact relevant to aggravating factors." *Attorney Grievance Comm'n v. Dyer*, 453 Md. 585, 657-58 (2017). However, because we have concluded that Respondent committed violations of the MLRPC, we rely on the hearing judge's aggravation and mitigation findings to determine the appropriate sanction.

motive because respondent retained unearned fees and double billed her client). We likewise cannot find that Respondent engaged in a pattern of misconduct because Petitioner has only presented us with two problematic complaints filed within a short time span. Despite Respondent's allusions during his testimony that he used the impermissible filing method in other cases, Petitioner has not proven that Respondent committed a series of violations over time.[17] *Attorney Grievance Comm'n v. Sperling*, 459 Md. 194, 276 (2018); *see also Coppola*, 419 Md. at 406. And finally, the hearing judge's factual determination that Respondent demonstrated sincere remorse is not clearly erroneous.[18] *Sperling*, 459 Md. at 276 (stating that the hearing judge is "in the best position to assess" remorse). This is not a case in which the charged attorney outright refused to acknowledge any wrongdoing or expressed remorse solely for purposes of damage control. *See, e.g.*, *Attorney Grievance Comm'n v. Sperling*, 432 Md. 471, 497 (2013); *Stinson*, 428 Md. at 195; *Attorney Grievance Comm'n v. Pennington*, 387 Md. 565, 597 (2005).

2. *Mitigating Factors*

The hearing judge also found several mitigating factors: Respondent did not profit from his conduct, no client suffered any harm, no court proceeding was ever disrupted,

---

[17]  Petitioner argues that Respondent engaged in a pattern of misconduct; yet, Petitioner only submitted two problematic filings into the record. Thus, any reference to other potential improper filings are "not a part of the record before [us]," and therefore, "we will not address such matters." *Attorney Grievance Comm'n v. Vanderlinde*, 364 Md. 376, 381 n.1 (2001).

[18]  During his testimony, Respondent expressed regret for the erroneous filings, stating, "I'm just totally ashamed that I'm here for myself and my family. . . . I should not have agreed that [the fees] be presented to the court that way. . . . I [made] a mistake."

17

Respondent acted timely to cure his wrongs, and Respondent implemented new office procedures to prevent future problems. Petitioner, citing *Attorney Grievance Comm'n v. Shuler*, 443 Md. 494, 507 (2015), excepts to the findings that Respondent did not profit from his conduct and that no court proceeding was ever disrupted, arguing that these findings "do not constitute mitigation . . . under the applicable case law."[19] We disagree.

Respondent has satisfied his burden of proof regarding the hearing judge's mitigation findings. A hearing judge has discretion to decide which mitigation factors are applicable based on the testimony before that judge, *see Attorney Grievance Comm'n v. Guida*, 391 Md. 33, 50 (2006), so long as those findings are "within the realm of permissible mitigating factors," *Sperling*, 459 Md. at 278 (citing *Shuler*, 443 Md. at 507). Here, the fact that Respondent did not profit from his conduct and that no court proceeding was ever disrupted "are within [that permissible] realm," *id.*, even though such factors are not explicitly enumerated in our case law. *See Lang*, 461 Md. at 72 (sustaining Mr. Lang's exception to the hearing judge's failure to find that "his actions lacked any moral turpitude[,]" even though such a factor is not technically "a mitigating factor we recognize").

---

[19] In *Shuler*, we provided a list of fourteen mitigating factors. 443 Md. at 507. Petitioner claims that because two of the hearing judge's mitigation findings (that Respondent did not profit from his misconduct and that no court proceedings were ever disrupted) are not explicitly included in that list, those findings should not be considered as mitigating factors in this case. Petitioner essentially treats our list in *Shuler* as exhaustive. We reject such a rigid interpretation of our case law. We have long held that the list of mitigating factors is "non-exhaustive." *See, e.g.*, *Attorney Grievance Comm'n v. Sheridan*, 357 Md. 1, 31 (1999); *Attorney Grievance Comm'n v. Stolarz*, 379 Md. 387, 405 (2004).

18

## V.

## The Sanction

Finally, we turn to the appropriate sanction for Respondent's misconduct. Because "the purpose of attorney discipline is to protect the public, not punish the attorney[,]" *Attorney Grievance Comm'n v. Mixter*, 441 Md. 416, 527 (2015), "we aim to impose a sanction 'commensurate with the nature and gravity of the violations and the intent with which they were committed,'" *Framm*, 449 Md. at 665 (quoting *Good*, 445 Md. at 513).

We have imposed a range of sanctions for dishonest and deceitful conduct, from reprimand to disbarment, with a suspension (be it definite or indefinite) falling somewhere between the two. *See Myers*, 333 Md. at 449-50; *Attorney Grievance Comm'n v. Litman*, 440 Md. 205, 219 (2014). Our precedent indicates that disbarment is warranted, typically as a matter of course, when an attorney is "willfully dishonest for personal gain." *Myers*, 333 Md. at 449 (citation omitted). In contrast, a reprimand may be appropriate when, among other reasons, there is no specific intent and the charged attorney either is a neophyte who expeditiously admits to misconduct, *Attorney Grievance Comm'n v. Maxwell*, 307 Md. 600, 604 (1986), or lacks a disciplinary record, *Attorney Grievance Comm'n v. Paul*, 423 Md. 268, 293 (2011). Ultimately, however, "'[t]he appropriate sanction depends on the facts and circumstances of the case before us.'" *Attorney Grievance Comm'n v. Sweitzer*, 452 Md. 26, 43 (2017) (quoting *Attorney Grievance Comm'n v. Levin*, 438 Md. 211, 228 (2014)).

Here, neither disbarment nor a reprimand is suitable. On the one hand, Respondent did not exhibit a specific intent to deceive. He knowingly submitted inaccurate information

19

to the court, but he did not purposefully do so for personal gain, and no client or the court suffered any palpable harm, rendering disbarment unsuitable. *See Tanko*, 427 Md. at 55 ("It is the absence of a specific intent to deceive, inherently dishonest conduct, and selfish motive that spares Respondent from the ultimate sanction of disbarment[.]"). On the other hand, Respondent is an experienced attorney, with a prior disbarment. Further, in the present disciplinary action, we have concluded that Respondent committed serious violations of the MLRPC, rendering a reprimand inadequate. *See Attorney Grievance Comm'n v. Gordon*, 413 Md. 46, 63 (2010) (holding that "misrepresentations to the court in violation of [MLRPC] 3.3(a)(1) . . . and 8.4(c)" warrant a sanction greater than a reprimand); *Attorney Grievance Comm'n v. Cassidy*, 362 Md. 689, 700 (2001) ("when we consider Respondent's conduct in light of his prior disciplinary history, it is clear that, to protect the public, an increase in the degree of discipline beyond that of a reprimand is necessary"); *Maxwell*, 307 Md. at 604.

Thus, we hold that an indefinite suspension from the practice of law is the appropriate sanction to be imposed in this case. *See Attorney Grievance Comm'n v. Tun*, 428 Md. 235, 246 (2012) (stating that intentional dishonest misconduct warrants disbarment, while unintentional or negligent misconduct usually warrants an indefinite suspension); *Litman*, 440 Md. at 219 ("Disbarment for misleading . . . a tribunal may be the correct sanction in many situations. In some cases . . . an indefinite suspension is more appropriate."). We are informed by our decisions in *Attorney Grievance Comm'n v. Poverman*, 440 Md. 588 (2014) and *Attorney Grievance Comm'n v. Robaton*, 411 Md. 415

(2009).[20] In *Poverman*, a reciprocal disciplinary case, we imposed an indefinite suspension upon an attorney who falsely certified on his annual registration statement to the Delaware Bar that there were no disciplinary charges pending against him. 440 Md. at 592, 595, 607. In imposing the sanction, we balanced the severity of Poverman's misconduct—a knowing misrepresentation to an authoritative body—and his substantial experience practicing law with the fact that no clients or investors were ever harmed. *Id.* at 606-08. Similarly, in *Robaton*, we imposed an indefinite suspension upon an attorney who failed to make mandatory disclosures on several bankruptcy forms filed on behalf of a client. 411 Md. at 425-26. We stressed that although the misconduct "resulted from indifference, rather than from a selfish motive[,]" none of those facts negated the severity of the attorney's misconduct and the need for a comparable sanction. *Id.* at 430-31.

Respondent's conduct here is akin to *Poverman* and *Robaton*. Although Respondent may not have acted with a selfish motive or harmed any client, neither negates the fact that he knowingly submitted false information to the court, which any reasonable attorney with his extensive experience handling debt collection matters would have known to avoid. *See Attorney Grievance Comm'n v. Hodes*, 441 Md. 136, 208 (2014) (highlighting an attorney's substantial experience in a specific field of law as the basis for a more severe sanction). Furthermore, unlike in *Poverman* and *Robaton*, Respondent's

---

[20] We have imposed indefinite suspensions upon other attorneys who knowingly misrepresented material facts. *E.g.*, *Litman*, 440 Md. at 221; *Attorney Grievance Comm'n v. Kepple*, 432 Md. 214, 232 (2013); *Attorney Grievance Comm'n v. Harrington*, 367 Md. 36, 51 (2001); *Attorney Grievance Comm'n v. Cohen*, 361 Md. 161, 179 (2000).

disciplinary record is severely blemished by his previous disbarment.[21]  Accordingly, the indefinite suspension we impose here will adequately protect the public by "send[ing] the message to the legal community and the public at large that this Court [will not tolerate] this type of conduct." *Dore*, 433 Md. at 727.  The suspension will begin thirty days after the filing date of this decision.  Respondent will be eligible to apply for reinstatement no sooner than six months after his suspension takes effect.  *See Litman*, 440 Md. at 220 (stating that we typically require a six-month waiting period to apply for reinstatement after imposing an indefinite suspension for dishonest conduct).

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 19-709(d), FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST NEIL WARREN STEINHORN.**

---

[21]  Although we have imposed a ninety-day suspension on other attorneys who submitted similar false filings with the court, none of those attorneys had a prior discipline record.  *See Dore*, 433 Md. at 720, 727; *Attorney Grievance Comm'n v. Geesing*, 436 Md. 56, 68, 71 (2013); *Attorney Grievance Comm'n v. Parsons*, 310 Md. 132, 142-43 (1987). Here, Respondent was previously disbarred, a factor that "in and of itself" may provide grounds for disbarment, although we decline to impose such a sanction given the nature of Respondent's misconduct and the mitigating factors discussed *supra*.  *See Attorney Grievance Comm'n v. Shakir*, 427 Md. 197, 208 (2012) ("A history of MLRPC violations may provide justification for disbarment in and of itself[.]"); *Attorney Grievance Comm'n v. Harris*, 371 Md. 510, 556-57 (2002) (emphasizing the need to impose a severe sanction, an indefinite suspension, due to the attorney's prior discipline history, while stressing that disbarment was not warranted because the attorney's personal circumstances, his preoccupation with the death of his mother and mother-in-law, mitigated his misconduct).